Paul T. Cullen, Esq. (#193575)
THE CULLEN LAW FIRM, APC
19360 Rinaldi Street, Box 647
Porter Ranch, CA 91326
Tel: (818) 360-2529
Fax: (866) 794-5741
paul@cullenlegal.com

Attorneys for Plaintiff IA BROWN,
individually on behalf of herself, all others
similarly situated, and the general public

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IA BROWN, an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company; CRAIG CAMERON, an individual; HEARX WEST, INC, a California corporation; STEVE MAHON, an individual; TINO SCHWEIGHOEFER, an individual; HEARX WEST LLC, a Delaware limited liability company; WS AUDIOLOGY (CALIFORNIA), PC, a California professional corporation; SIVANTOS, INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**INDIVIDUAL, CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION** (Plaintiff Class and Plaintiff Collective Class)<br><br>**COMPLAINT FOR DAMAGES, PENALTIES AND RESTITUTION for:**<br>1. **FAILURE TO PAY OVERTIME); WAGES (29 U.S.C. §§ 206  et seq.)**<br>2. **FAILURE TO PAY MINIMUM WAGES (*Lab. Code* § 1194);**<br>3. **FAILURE TO PAY OVERTIME); WAGES (Lab. Code § 1194)**<br>4. **FAILURE TO PROVIDE MEAL/REST BREAKS (*Lab. Code* § 226.7);**<br>5. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (*Lab. Code* § 226(a));**<br>6. **FAILURE TO TIMELY PAY ALL WAGES DUE AND *OWING* (Lab. Code § 203;**<br>7. **UNFAIR BUSINESS PRACTICES (*B&PC* § 17200 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff IA BROWN, an individual, on behalf of herself, all others similarly situated, and the general public (hereinafter "Plaintiffs") hereby files this Complaint against Defendants AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company; CRAIG CAMERON, an individual; HEARX WEST, INC, a California corporation; STEVE MAHON, an individual; TINO SCHWEIGHOEFER, an individual; HEARX WEST LLC, a Delaware limited liability company; WS AUDIOLOGY (CALIFORNIA), PC, a California professional corporation; SIVANTOS, INC., a Delaware corporation; and DOES 1 to 10, inclusive (hereinafter collectively referred to as "Defendants"). All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has or will shortly file with this court a consent to join this action.

2.      This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e., the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Busk v. Integrity Staffing Solutions, Inc.,* (9th Cir. 2013) 713 F.3d 525, 530, reversed on other grounds (2014) 574 U.S. 27 ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.      Venue is proper in this Court, because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Los Angeles County, California, which is located within this district.

## PARTIES

4.      Plaintiff IA BROWN is natural person was employed by Defendants within the State of California for 17 years from December 15, 2004, to February 25, 2021.

5.      AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company, is a Delaware limited liability company, which does business under the fictitious business name OF HearUSA lists is principal address with the California Secretary of State as 11400 North Jog Road, Suite 300; Palm Beach Gardens, FL 33418, but which also operated the business locations where Plaintiff worked as an employee, including at 2654 Griffith Park Blvd, Los Angeles, CA 90039, CA.

6.     CRAIG CAMERON, an individual; at all relevant times is and/or was an owner, director, officer, and/or managing agent of Plaintiff's employer.  He is the Chief Executive Officer of AUDIOLOGY DISTRIBUTION, LLC.

7.     Defendant HEARX WEST, INC., a California corporation, that has a principal address listed with the California Secretary of State as 10455 Riverside Drive; Palm Beach Gardens, FL 33410, but which operated the business locations where Plaintiff worked as an employee, including at 2654 Griffith Park Blvd, Los Angeles, CA 90039, CA.  The California Secretary of State's website present shows that HEARX WEST, INC. is in suspended status; hence, Plaintiff is obligated to seek relief from its former directors, officers, and/or managing agents, e.g., STEVE MAHON and TINO SCHWEIGHOEFER.

8.     Defendant STEVE MAHON, an individual, at all relevant times is and/or was an owner, director, officer, and/or managing agent of Plaintiff's employer.

9.     Defendant TINO SCHWEIGHOEFER, an individual, at all relevant times is and/or was an owner, director, officer, and/or managing agent of Plaintiff's employer.

10.    HEARX WEST LLC, a Delaware limited liability company, is a Delaware limited liability company, which lists is principal address with the California Secretary of State as 11400 North Jog Road, Suite 300; Palm Beach Gardens, FL 33418, but which also operated the business locations where Plaintiff worked as an employee, including at 2654 Griffith Park Blvd, Los Angeles, CA 90039, CA.

11.    WS AUDIOLOGY (CALIFORNIA), PC, is a California professional corporation, which lists is principal address with the California Secretary of State

as 11400 North Jog Road, Suite 300; Palm Beach Gardens, FL 33418, but which also apparently operated the business locations where Plaintiff worked as an employee, including at 2654 Griffith Park Blvd, Los Angeles, CA 90039, CA.

12.     SIVANTOS, INC., a Delaware corporation, which lists is principal address with the California Secretary of State as 10 Constitution Avenue; Piscataway, NJ 08855, but which also apparently operated the business locations where Plaintiff worked as an employee, including at 2654 Griffith Park Blvd, Los Angeles, CA 90039, CA.

13.     The identities of DOES 1-10 are unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as a DOE is responsible in some manner for the acts, omissions, or representations alleged herein.

14.     Any reference to "Defendant," or "Defendants" herein shall mean "Defendants and each of them."

15.     Defendants AUDIOLOGY DISTRIBUTION, LLC; HEARX WEST, INC.; HEARX WEST, LLC.; WS AUDIOLOGY (CALIFORNIA), PC; SIVANTOS, INC.; and any other later-named defendants that are not natural persons may hereinafter be referred to as Business Entity Defendants.

16.     As for the individual natural persons, who are either currently or later named as defendants herein are or at all relevant times were owners, directors, officers, and/or managing agents of Plaintiff's employer, and were persons acting on behalf of an employer, who violated, or caused to be violated, any provision regulating

minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violated, or caused to be violated, Labor Code Sections 203, 226, 226.7, 1193.6, 1194, or 2802 and thus are potentially liable persons under Lab. Code § 558.1.

### ALL DEFENDANTS

17.   Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

18.   Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

19.   Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated and the general

public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

20.     Defendant, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such, were co-employers of the Plaintiff and the putative Class herein.

21.     Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## FACTUAL ALLEGATIONS

22.     The Business Entity Defendants herein operate audiology practices both in California and nationwide and are dispensers of hearing aids.  Plaintiff was employed as a non-exempt, hourly paid employee by the Business Entity Defendants.

23.     Although plaintiff frequently worked overtime, and her wage statements reflect that for such hours she worked in excess of eight per day and/or 40 per week, she was paid 1.5 times her standard hourly rate of pay.

/ / /

/ / /

24.     However, those same wage statements also reflect that she was not paid 1.5 times her *regular rate of pay* for such hours she did work in excess of eight per day and/or 40 per week.

25.     Plaintiff, like all other similarly situated hourly-paid employees who dispensed hearing aids, earned commissions for doing so based in part on the price paid by customers for the hearing aids.

26.     When paying Plaintiff for overtime hours worked, the Business Entity Defendants failed to calculate the hourly value of the commissions earned in a pay period and then add it to the hourly rate of pay, so as to properly calculate Plaintiff's regular rate of pay for purposes of paying the correct rate of pay for overtime wages.

27.     Upon information and belief, no commissions were included in the regular rate of pay for overtime payment calculations for either Plaintiff herein or any other member of the putative class members identified below.

28.     Separately, due to the pressure of her workload and encouragement from her superiors, Plaintiff frequently worked through meal and rest breaks and off the clock.  As such, her wage statements did not accurately reflect the hours she worked and the wages she actually earned.

29.     The Business Entity Defendants and their agents knew or had reason to know that Plaintiff was working off the clock without compensation, yet they suffered or permitted her to do so.

/ / /

/ / /

## COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION
## ALLEGATIONS

30.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31.     Plaintiff brings this action on behalf of herself and all other similarly situated employees employed in California as well as throughout the United States both as collective action under the FLSA and a class action under California law and Fed. Rules Civ. Proc., Rule 23.

32.     Plaintiff brings this action on behalf of herself and the following **FLSA Regular Rate Class**: All non-exempt hourly paid employees, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants who also received commissions at any time during the period of commencing three years prior to the date of the filing of this action through to the date of judgment after trial.

33.     With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

        a.   Defendants employed Plaintiff as an hourly-paid employee who did not receive her wages and, where applicable, overtime premium pay at one and one half times the regular rate of pay for all hours worked over forty (40) hours in a workweek.

/ / /

/ / /

   b.  Common questions exist as to whether Defendant failed to pay
       Plaintiff and FLSA Regular Rate Class Members their correct
       overtime rate of pay.

   c.  Upon information and belief, Defendants employ, and have employed,
       in excess of 500 FLSA Class Members within the applicable statute of
       limitations.

   d.  Plaintiff has signed a Consent to Sue form, which attached hereto as
       Exhibit A.

34.  Consent to sue forms are not required for state law claims under Fed. Rules
Civ. Proc., Rule 23.

35.  Plaintiff also brings this action on behalf of herself and the following
**California Class and Subclasses**:

   a.  **California Regular Rate Class:** All nonexempt hourly paid
       employees, including but not limited to Hearing Aid Dispensers and
       Hearing Aid Specialists,  employed by the Business Entity
       Defendants, who received commissions at any time during the period
       of commencing four years and 178 days[1] prior to the date of the filing
       of this action through to the date of judgment after trial.

   b.  **Itemized Wage Statement Subclass:** All California Regular Rate
       Class Members who were employed at any time during the period of

---

[1] 178 days are added to the statutory lookback period for the California Class and
subclasses due to the tolling of the statutes of limitations under the Emergency
Rules of Court promulgated in response to the COVID 19 pandemic.

commencing three years prior and 178 days to the date of the filing of this action through to the date of judgment after trial.

c. **Waiting Time Penalties Subclass:** All California Regular Rate Class Members who were employed at any time during the period commencing three years and 178 days prior to the date of the filing of this action through to the date of judgment after trial.

36. Class treatment is appropriate in this case for the following reasons:

a. The Class is Sufficiently Numerous: Upon information and belief, Defendants employ, and have employed, in excess of 500 persons in each Class or Subclass within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as their numerosity.

b. Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, without limitation:

   i. Whether Defendants failed to compensate Plaintiff and all members of the Class at the correct overtime rate by failing to include commissions in the regular rate;

   ii. Whether Defendants' policy and practice of not including the proper regular rate of pay on the pay stubs they provided to Members of the Itemized Wage Statement Subclass violates the itemized wage statement provisions of the California Labor

Code and the Orders of the California Industrial Wage Commission; and

   iii.  Whether Defendant willfully failed to pay Waiting Time Penalties Subclass Members all wages due and owing at the time of termination.

c.  Plaintiff's Claims are Typical to Those of Fellow Class Members:

   i.  Plaintiff was not paid overtime on the commissions she was paid, as was the case for all members of the California Regular Rate Class.

   ii.  Defendant did not give Plaintiff and California Regular Rate Class Members accurate wage statements to reflect their regular rate of pay and overtime compensation.

   iii.  Defendants have not timely remitted all wages due and owing to Plaintiff and California Regular Rate Class Members who are former employees upon their termination.

d.  Plaintiff is an Adequate Representative of the Class. Plaintiff will fairly and adequately represent the interests of Class Members, because Plaintiff is a member of the Class, because she has common issues of law and fact with all members of the Class, and because her claims are typical to other Class Members.

e.  A Class Action is Superior/Common Claims Predominate. A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all

members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207
(On Behalf of Plaintiff and all members of the FLSA Regular Rate Class Against All Business Entity Defendants)

37.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

38.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

39.     29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours

above specified at a rate not less than one and one-half times the regular rate at which he is employed."

40.     By failing to include commissions in the regular rate of pay for Plaintiff and all members of the FLSA Regular Rate Class, Defendants failed to pay Plaintiffs and FLSA Regular Rate Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

41.     Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendants pay Plaintiff and FLSA Regular Rate Class Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages for All Hours Worked**
(On Behalf of Plaintiff Individually and Against All Defendants)

42.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43.     California Labor Code (hereinafter referred to as "Labor Code") § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

44.     Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful." Section 4 of applicable Wage Order No. 4 requires Defendants to pay its employees minimum wages for all hours worked.

45.     Because Defendants failed to compensate Plaintiff for hours worked off the clock as set forth above, Defendants failed to pay Plaintiff the required minimum wage rate for each hour worked.

46.     Labor Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     Plaintiff have received her regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the period of four years prior to the filing of the original complaint herein.

48.     Defendants owe Plaintiff regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and have failed and refused, and continue to fail and refuse, to pay Plaintiff the amounts owed.

49.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Plaintiff has sustained damages and been deprived of minimum wages and regular wages that are owed in amounts to be proved at trial, and is

entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194, and 1194.2.

50.     Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff is entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages for All Hours Worked
(On Behalf of Plaintiff and the California Regular Rate Class
Against All Defendants)

51.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52.     Labor Code §§ 510 and 1198, and Section 3 of applicable Wage Order No. 4, mandate that California employers pay overtime compensation at one and one half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

53.     Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such

overtime at not less than: (a) One and one-half (1½ ) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

54.     Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

55.     Because Defendants failed to include commissions in the regular rate of pay when calculating the overtime rate for Plaintiff and California Regular Rate Class Members as set forth above, Defendants failed to pay Plaintiff and California Regular Rate Class Members their correct overtime rate.

56.     Wherefore, Plaintiff demands for herself and for California Regular Rate Class Members that Defendant pay Plaintiff and California Regular Rate Class Members overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law.

57.     Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and California Regular Rate Class Members

are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

### FOURTH CAUSE OF ACTION
### Failure to Provide Meal/Rest Breaks
(On Behalf of Plaintiff Individually and Against All Defendants)

58.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

59.    Section 11 of the applicable Wage Order states, in relevant part: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

60.    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

61.    Labor Code § 226.7 states that: "a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." California Labor Code § 229 provides for a private right of action to enforce the provisions of Labor Code 226.7.

/ / /

/ / /

62.     Labor Code § 512 provides in relevant part: "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ."

63.     As described above, Plaintiff routinely worked through meal and/or rest periods as required by Defendants, but was not compensated for the missed meal and/or rest period pursuant to 226.7 at her regular rate of pay.

64.     Wherefore, Plaintiff demands payment of one hour of pay at her regular rate per day for every missed mandatory meal period and one hour of pay at her regular rate per day for every missed rest period, together with costs, penalties, and interest as provided by law.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements**
(On Behalf of Plaintiff and the Itemized Wage Statement Subclass
Against All Defendant)

65.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

66.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, *inter alia*, all hours worked, the gross and net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in accordance with Labor Code § 226(a) and applicable Wage Order No. 4.

67.     Such failure caused injury to Plaintiff by, among other things, impeding her from knowing the amount of wages to which she is and was legally entitled.

**COMPLAINT FOR DAMAGES, PENALTIES AND RESTITUTION**
19

68.     Plaintiff's good faith estimate of the number of pay periods in which Defendant failed to provide accurate itemized wage statements to Plaintiff is each and every pay period during the Class Period.

69.     Plaintiff is entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

70.     Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiff further demands the Defendant be enjoined from continuing to provide inaccurate pay statements that fail to include the number of hours worked, the gross and net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate amount of hours worked by each employee.

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay All Wages Due and Owing**
(On Behalf of Plaintiff and the Waiting Time Penalties Subclass
Against All Defendants)

71.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

72.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to

pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

73.     Labor Code § 558.1 permits Plaintiff to seek these penalties from individual defendants and not just the Business Entity Defendants.

74.     Plaintiff and all Waiting Time Penalties Subclass Members (i.e., all persons who ceased employment with the Business Entity Defendants during the statutory lookback period) are entitled to unpaid compensation for unpaid minimum, regular, and overtime wages, as alleged above, but to date have not received such compensation.

75.     Defendants' failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

76.     As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Class Members whose employment ended within the last three years from the filing of this complaint are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Unfair Business Practices**
(On Behalf of Plaintiff and the California Class
Against the Business Entity Defendants)

77.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

78.     By the conduct described throughout this Complaint, the Business Entity Defendants violated the provisions of the California Labor Code as specified and

have engaged in unlawful, deceptive, and unfair business practices prohibited by California Business & Professions Code § 17200, *et seq*.

79.    The Business Entity Defendants' use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors.

80.    The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against the Business Entity Defendants' current employees as well as other members of the general public.

81.    Plaintiff and California Class Members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits.

82.    Accordingly, Plaintiff and the California Class Members request a preliminary and permanent injunction prohibiting the Business Entity Defendants from the unfair practices complained of herein.

83.    Business Entity Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices.

84.    Plaintiff and the California Class Members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Business Entity Defendants by means of the unfair and unlawful practices complained of herein.

85.    As a result, Plaintiff and California Class Members seek restitution of their unpaid overtime and Plaintiff individually seeks restitution of her off the clock

wages and meal and rest break premium pay, in addition to interest, attorneys' fees, and costs, as necessary and according to proof.

86.     Plaintiff and the California Class Members seeks the appointment of a receiver, as necessary, to oversee and ensure payment of the monetary relief sought from Defendant.

## JURY DEMAND

87.     Plaintiff IA BROWN hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all Class Members and all others similarly situated, prays for relief as follows relating to her class and representative action allegations:

1.      For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class members so they may participate in the lawsuit;

2.      For an order certifying this action as a class action on behalf of the proposed California Class and Subclasses;

3.      For an order appointing Plaintiff as the Representative of the Class and her counsel as Class Counsel;

4.      For damages according to proof for regular rate or minimum rate pay, whichever is higher, for all hours worked under both federal and California law;

5.      For damages according to proof for overtime compensation for all overtime hours worked under both federal and California law;

6.     For liquidated damages;

7.     For one hour of pay at the regular rate or minimum rate pay, whichever is higher, for every day the Defendants failed to provide code compliant meal periods;

8.     For one hour of pay at the regular rate or minimum rate pay, whichever is higher, for every day the Defendants failed to provide code compliant rest periods;

9.     For waiting time penalties;

10.    For interest as provided by law at the maximum legal rate;

11.    For reasonable attorneys' fees authorized by statute, including, *inter alia,* 29 U.S.C. § 216, Lab. Code, §§ 226, 1194, and Code Civ. Proc. § 1021.5;

12.    For costs of suit incurred herein;

13.    For pre-judgment and post-judgment interest, as provided by law; and,

14.    For such other and further relief as the Court may deem just and proper.

Dated:    June 22, 2022                          **THE CULLEN LAW FIRM, APC**

                                                 By

                                                 **PAUL T. CULLEN**
                                                 Attorneys for Plaintiff

# EXHIBIT "A"

1    **DECLARATION OF** Ia Brown _____

2    I, Ia Brown _____, declare:

3        1.        I am a Plaintiff in the above-captioned action.  The following is of my

4    own personal knowledge and, if called as a witness, I could and would testify

5    competently thereto.

6        2.        I hereby consent to be joined in this suit under the Fair Labor

7    Standards Act, 29 U.S.C. §§ 206 et seq.

8        I declare under penalty of perjury that the foregoing is true and correct.

9    Executed on (*date*) 6/22/2022 _____, in the city of Los Angeles _____ in

10   the state of California _____.

11

12   (Sign) _____

13

14   (Print)_____
                                Ia Brown
                                Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT A TO COMPLAINT*