# EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

DocuSign Envelope ID: 7490EABE-915D-4D8E-A535-DBB03FDDE879

PAUL. T. CULLEN, ESQ.
THE CULLEN LAW FIRM, APC
9800 Topanga Canyon Boulevard
Suite D, PMB 325
Chatsworth, CA  91311-4057
Telephone: (818) 360-2529
Facsimile: (866) 794-5741
Email: paul@cullenlegal.com
**Attorneys for Plaintiff IA BROWN**

YURI MIKULKA (State Bar No. 185926)
MARTHA S. DOTY (State Bar No. 143287)
LISA L. GARCIA (State Bar No. 301362)
**ALSTON & BIRD LLP**
350 S. Grand Ave., 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile:  (213) 576-1100
E-mail: yuri.mikulka@alston.com
          martha.doty@alston.com
          lisa.garcia@alston.com
**Attorneys for DEFENDANTS AUDIOLOGY
DISTRIBUTION, LLC; HEARX WEST, INC.;
and HEARX WEST LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IA BROWN. an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>       Plaintiff,<br><br>       v.<br><br>AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company; CRAIG CAMERON, an individual; HEARX WEST, INC., A California corporation; STEVE MAHON, an individual; TINO SCHWEIGHOEFER, an individual; HEARX WEST LLC, a Delaware limited liability company; WS AUDIOLOGY (CALIFORNIA), PC, A California professional corporation; SIVANTOS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>       Defendants. | Case No. 2:22-cv-04271-DMG-MRW<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |

1    This Settlement Agreement and Release of Claims ("Settlement Agreement" or

2  "Settlement") is made and entered into by and between plaintiff Ia Brown ("Plaintiff"),

3  individually and on behalf of all others similarly situated, Plaintiff's counsel of record, and

4  defendants Audiology Distribution, LLC, HearX West, Inc., and HearX West LLC

5  (collectively "Audiology" or "Defendants" or "Business Entity Defendants").

6

7  1.    The "**Action**" means the above-captioned Case No. 2:22-cv-04271-DMG-

8  MRW, filed by Plaintiff against Defendants and pending in the Central District of California

   (the "Court").

9  2.    The "**Plaintiff**" means Plaintiff Ia Brown.

10

11  3.    The "**Business Entity Defendants**" means Audiology Distribution, LLC;

   HearX West LLC; HearX West, Inc.; Sivantos, Inc.; and/or WS Audiology (California).

12

13  4.    The "**Parties**" means Plaintiff, the Class (as defined below), and Defendants.

14  5.    "**Class Counsel**" is Paul T. Cullen of the Cullen Law Firm, APC, who is

   counsel of record for Plaintiff.

15

16  6.    "**Class Period**" and the "**Release Period**" each refer to the period beginning

   on December 26, 2017 and ending on the date on which Preliminary Approval is granted.

17

18  7.    "**Class**" and "**Class Members**" shall refer to all persons, including Plaintiff,

   who are members of the classes defined in the Action, i.e., the

19

20        a. **FLSA[1] Regular Rate Class**: All non-exempt hourly paid employees,

21           including but not limited to Hearing Aid Dispensers and Hearing Aid

22           Specialists, employed by the Business Entity Defendants who also received

23           commissions and/or bonuses at any time between June 22, 2019 and the date

             on which Preliminary Approval is granted;

24        b. **California Regular Rate Class**: All nonexempt hourly paid employees,

25           including but not limited to Hearing Aid Dispensers and Hearing Aid

26           Specialists, employed by the Business Entity Defendants, who also received

27

28  _____

   [1] Fair Labor Standards Act, i.e., 29 U.S.C. § 201 *et seq*. ("FLSA.")

- 2 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 2

commissions and/or bonuses at any time between December 26, 2017 and the date on which Preliminary Approval is granted;

c.   **California Itemized Wage Statement Subclass**: All California Regular Rate Class Members who were employed at any time during the period of commencing December 26, 2020 and the date on which Preliminary Approval is granted; and

d.   **California Waiting Time Penalties Subclass**: All California Regular Rate Class Members who were employed at any time during the period between December 26, 2018 and the date on which Preliminary Approval is granted.

8.      "**Class Notice**" means <u>Exhibit A</u> hereto, in the form ultimately approved by the Court.

9.      The "**Complaint**" is Plaintiff's Complaint, which was filed on June 22, 2022.

10.     "**Settlement Class**" or "**Settlement Class Members**" are all Class Members who do not timely opt-out of or opt-in to the Class in the manner prescribed by the Class Notice.

11.     The "**Effective Date**" of this Settlement Agreement shall be on the *latest* of the following dates: (a) the date of the Court's final approval of the Settlement Agreement and entry of judgment thereon, if no objections by or on behalf of Class Members have been made or filed; (b) the date on which the time for appeal has expired, if an objection has been made or filed and no appeal has been filed; or (c) the final resolution of any appeal that has been made or filed, if an objection has been made or filed and an appeal is filed.  The Parties acknowledge that any Class Member who fails to make or file a timely and valid objection lacks standing to appeal from any final approval order and judgment entered pursuant to the Settlement Agreement.

12.     The "**Released Claims**" include all claims that were actually alleged or that could have been alleged based on the facts, claims, and allegations alleged in the Complaint ("Complaint") for unpaid wages, overtime or other compensation or payments, fees/costs, liquidated damages, penalties, and all other relief under the Fair Labor Standards Act, the

- 3 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 3

California Labor Code, and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of Preliminary Approval, including but not limited to all of the following claims for relief: failure to pay overtime wages in violation of the FLSA and the California Labor Code; failure to pay minimum wages for all hours worked; failure to pay overtime wages for all hours worked; failure to provide meal/rest breaks; failure to provide accurate wage statements; failure to timely pay all wages due and owing; and unfair business practices.

Accordingly, the Released Claims include all claims that Defendants: (1) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207(a), by failing to pay overtime to Plaintiff and the Class Members; (2) violated California Labor Code Sections 558, 1179.1, 1194, 1194.2(a) and 1197 by failing pay to minimum wages to Plaintiff and the Class Members (including the alleged failure to pay for all hours worked and pay the proper minimum wage for all hours worked); (3) violated California Labor Code Sections 510, 558 and 1198 by failing to pay overtime to Plaintiff and the Class Members (including the alleged failure to pay for all overtime hours worked and to pay a proper overtime rate for overtime hours worked); (4) violated California Labor Code Sections 226.7 and 512 and corresponding provisions of the Industrial Welfare Commission Wage Order by failing to provide meal and rest periods to Plaintiff and the Class Members and/or failing to pay meal and rest period premiums owed to Plaintiff and the Class Members; (5) violated California Labor Code Sections 226 and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members; (6) violated California Labor Code Sections 201, 202 and 203 by failing to pay all wages due upon separation of employment to Plaintiff and the Class Members; and (7) engaged in unfair competition in violation of California Business & Professions Code Sections 17200, et seq., through each of the foregoing alleged violations of California law.

In addition, and without limiting the foregoing, the Released Claims include all claims that could have been pleaded based on the factual allegations contained in the Complaint, such as: Defendants did not pay the Class for all "hours worked" under California law and

- 4 -
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 4

the FLSA; Defendants did not pay the Class for all overtime hours worked and/or failed to compensate all overtime hours worked at a proper overtime rate of pay; Defendants did not properly include bonuses and other incentive compensation in the "regular rate" for wage payment purposes; Defendants interrupted employees' meal and rest breaks, provided short or late meal or rest breaks and/or did not provide the opportunity to take meal or rest breaks and/or failed to pay meal and rest period premiums owed; Defendants did not specify an accurate number of hours worked or an accurate regular rate on wage statements and/or did not provide other required wage statement information; and Defendants did not pay all final wages due to employees upon separation of employment, given additional wages due and owing in light of the Complaint's off-the-clock, overtime, regular rate and/or meal/rest break claims.

13.     The "**Released Parties**" shall mean: (a) Defendants Audiology Distribution, LLC; HearX West, Inc.; HearX West LLC; Sivantos, Inc.; WS Audiology (California), PC; Craig Cameron; Steve Mahon; and Tino Schweighoefer; and (b) each of the Defendants' respective past, present, and future parents, subsidiaries, and affiliates; (c) the past, present, and future shareholders, directors, officers, agents, employees, clients, attorneys, insurers, predecessors, successors, and assigns of any of the foregoing; and (d) any individual or entity which could be jointly liable with any of the foregoing.

14.     **No Admission**.  Each of the Defendants denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that the Action is appropriate for class or representative treatment for any purpose other than this Settlement. Each Defendant contends it has complied at all times with the California Labor Code and the FLSA.  It is each Defendant's position that, if this case were to be litigated, class certification would be inappropriate because Plaintiff is not an adequate class representative, the Plaintiff's claims are not typical of putative class members, and individual issues predominate over class issues.  The Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement shall not be used as an admission or evidence of wrongdoing on behalf of any

1   Defendant, shall not be an admission or evidence of fault on behalf of any Defendant in any

2   action before a civil, criminal, or administrative agency, and shall not be deemed to be, and

3   may not be used as, an admission or evidence of the appropriateness of these or similar

4   claims for class certification in the Action or with respect to any other proceeding.  Pursuant

5   to California Evidence Code section 1152 and Federal Rule of Evidence 408, this Settlement

6   Agreement is inadmissible in any proceeding other than this Action or an action to interpret

7   or enforce this Settlement Agreement.

8   15.      Plaintiff and Class Counsel contend that each Defendant violated the California

9   Labor Code and the FLSA and that this case is appropriate for class and collective action

10  treatment.  Class Counsel have conducted a thorough investigation into the facts and law

11  during the prosecution of this case, including the exchange of substantial formal and

12  informal discovery and the review and verification of statistical data and other facts and

13  information provided by Defendants.  Counsel for the Parties have investigated the

14  applicable law as applied to the facts discovered regarding Plaintiff's claims, the potential

15  defenses thereto, and Plaintiff's asserted damages.

16  16.      On March 11, 2024, the Parties participated in mediation with Hunter Hughes,

17  a respected mediator with extensive experience resolving employment actions and class

18  actions nationally.  The basic terms of the Settlement were reached on March 11, 2024 and

19  memorialized in a Memorandum of Understanding. The mediation occurred only after

20  months of extensive direct negotiations and informational exchanges by the Parties.

21  17.      Based on his own independent investigation and evaluation, Class Counsel is

22  of the opinion (and will so represent to the Court in a motion for preliminary approval) that

23  settlement for the consideration and on the terms set forth in this Settlement Agreement is

24  fair, reasonable, and adequate and is in the best interests of the Settlement Class in light of

25  all known facts and circumstances, including the risk of significant delay, the risk the Class

26  will not be certified by the Court, and the defenses asserted by Defendants.

27  18.      The Parties agree that the class described herein may be certified and that any

28  motion for preliminary approval seeking, *inter alia*, certification of the class is for purposes

- 6 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 6

of this Settlement Agreement only. If for any reason the Settlement is not approved, the for-settlement-purposes-only certification will have no force or effect. The Parties further agree that certification for purposes of the settlement is in no way an admission that class certification is proper under the more stringent standard applied for litigation and that evidence of this limited stipulation for settlement purposes only will not be admissible for any purpose in this or any other proceeding.

19.        **Total Settlement Amount**: The Parties agree to settle this Action for a non-reversionary payment of exactly $1,800,000 ("Total Settlement Amount"). The Total Settlement Amount includes all payments to Settlement Class Members, attorneys' fees and costs, a service award/general release payment to Plaintiff, actual costs of administration, all penalties and interest, and all taxes on the settlement payments, *excluding only* the taxes normally borne by the employer with respect to the portion of the Individual Payment Amounts treated as wages for tax purposes.

20.        **Net Settlement Amount**: The Net Settlement Amount is equal to the Total Settlement Amount minus all court authorized deductions for attorneys' fees and costs, the service award/general release payment for Plaintiff, the actual costs of administration.

21.        **Class Member Allocation**: "Class Member Allocation" means the amount that will be divided, pro rata, as defined further below, and paid to Settlement Class Members. The Class Member Allocation is equal to the Net Settlement Amount. Any amounts that would have been paid to either (a) California Class and/or Subclass Members who timely exclude themselves from the settlement (i.e., "Opt-Out") or (b) FLSA Regular Rate class members (but who are not California Class and/or Subclass members) who do not timely Opt-In, will be added to the Class Member Allocation.

22.        **Calculation of the Individual Payment Amounts**: "**Individual Payment Amount**" means the portion of the Class Member Allocation distributable to each Settlement Class Member. The Net Settlement Amount ("NSA")/Class Member Allocation shall be allocated as follows: Each participating Settlement Class Member will be paid at least $25. After the deductions from the Total Settlement Amount for the costs of claims

- 7 -

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 7

administration, the class representative service payment, attorney's fees and costs, and the $25 payable to each participating Settlement Class Member, the remaining NSA will be allocated to the FLSA Regular Rate Class, the California Regular Rate Class, the California Itemized Wage Statement Subclass, and, where applicable, the California Waiting Time Penalties Subclass. A participating Settlement Class Member will be paid on a pro-rata basis from the remainder of the NSA, which shall be computed by comparing the potential dollar value of the Settlement Class Member's individual claims in the Action to the aggregate potential dollar value of all the claims of all participating Settlement Class Members and multiplying that pro-rata share by the allocated amount of the Net Settlement Amount. The potential claim value will be computed based upon the actual dollar value that would have been owed if the claims asserted in the Action were successful, the number of payroll periods worked during the Class Settlement Period that would have allowed a California Itemized Wage Statement Settlement Subclass Member to assert claims for alleged wage statement violations, and, for those California Waiting Time Penalties Settlement Subclass Members who are former employee participating class members, the number of days, up to 30, that have elapsed since the end of their employment.

23.     **Tax allocations:** For tax purposes, each Individual Payment Amounts shall be allocated as 18% to wages (for which a W-2 shall be issued) and 82% for interest and penalties (for which the appropriate IRS form 1099 shall be issued and no withholdings shall be made).

24.     **Service Award/General Release Payment to Plaintiff**: The amount awarded to Plaintiff as a service award, and for a general release of claims, will be set by the Court in its discretion, not to exceed $20,000. This amount will not be treated as wages for tax purposes. Defendant agrees not to dispute or otherwise object to the service award/general release payment requested, consistent with this Settlement Agreement.

25.     **Attorneys' Fees**: An award to Class Counsel of attorneys' fees will be in an amount to be set by the Court, not to exceed one-third, or 33 1/3% of the Total Settlement Amount. Defendant agrees not to dispute or otherwise object to the attorneys' fee award

- 8 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

**EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 8**

requested by Class Counsel consistent with this Settlement Agreement.

26.     **Attorneys' Costs and Expenses**:  Class Counsel will be reimbursed from the Total Settlement Amount in an amount to be set by the Court for actual litigation costs and expenses.  Defendant agrees not to dispute or otherwise object to Class Counsel's request for actual costs and expenses, so long as the claimed costs and expenses do not exceed $10,000.00.

27.     **Settlement Administration Costs**:  The fees and other charges of the Settlement Administrator, expected to total no more than $25,000, and will be paid from the Total Settlement Amount.  These fees shall include any costs associated with the required tax reporting on all Individual Payment Amounts, and the issuing of all W-2 and 1099 forms. Subject to approval of the Court, the Parties have agreed that CPT Group will serve as a neutral third-party claims administrator ("Settlement Administrator") to perform all acts related to providing notice to the Settlement Class.  The Settlement Administrator shall be responsible for: (a) printing and distributing the Class Notice to all Class Members; (b) administering the settlement; (c) processing Opt-Out submissions; (d) resolving disputes; (e) distributing the Total Settlement Amount; (f) tax reporting; (g) providing weekly status reports; and (h) other duties and responsibilities set forth herein.

28.     **Release By Settlement Class Members.**  Upon the Effective Date, and subject to Defendants' payment of the Total Settlement Amount, all Settlement Class Members who are also California Class and Subclass Members (i.e., members of the California Regular Rate Class, California Itemized Wage Statements Subclass, and/or California Waiting Time Penalties Subclass) will be deemed to have released all Released Parties from all Released Claims, including claims arising under the FLSA, in accordance with *Rangel v. PLS Check Cashers of Cal., Inc*., 899 F.3d 1106, 1110-11 (9th Cir. 2018) (holding opt-out release of California state law claims was res judicata against FLSA claims "which were direct federal law counterparts to the state law claims settled").  *Accord Richardson v. Wells Fargo Bank, N.A.,* 839 F.3d 442, 451-52 (5th Cir. 2016) (plaintiff who became party to the opt-out Rule 23 settlement was bound by all settlement terms, including release of FLSA claims).  The

- 9 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

Parties agree that all FLSA claims in the Complaint are wholly subsumed by the California Labor Code claims in the Complaint.  For example and without limitation, the FLSA overtime claim applies to hours worked beyond 40 in a week from June 22, 2019, to the date of Preliminary Approval, while the California overtime claim applies to hours worked beyond 40 in a week *and* over 8 in a day, from December 26, 2017, to the date of Preliminary Approval.

Likewise, upon the Effective Date, and subject to Defendants' payment of the Total Settlement Amount, FLSA Regular Rate Class members, who are not California Class and/or Subclass members, and who have affirmatively opted in to the settlement, shall be deemed to have released all Released Parties from all Released Claims.

Plaintiff Ia Brown will be provided with a Class Notice, but she is automatically part of the Settlement Class and shall not Opt-Out of the Settlement Class. (*i.e.*, even if she were to submit a timely Opt-Out form, it shall be deemed null and void).

29.         **Release By Plaintiff Ia Brown**.  Upon the Effective Date, and subject to Defendant's payment of the Total Settlement Amount, Plaintiff will have released all Released Parties as to all Released Claims.  In addition, Plaintiff will provide the following additional "**General Release**": Plaintiff, on her own behalf and on behalf of her heirs, spouses, executors, administrators, attorneys, agents and assigns, fully and finally releases the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the Effective Date of this Settlement Agreement. Plaintiff acknowledges that this General Release includes both known and unknown claims and, accordingly, waives Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

- 10 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 10

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND
THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." The
significance of this General Release has been explained to Plaintiff by Class Counsel.

30.        **Release By Class Counsel**: Upon the Effective Date, and subject to
Defendants' payment of the Total Settlement Amount, Class Counsel will have released all
Released Parties from any and all claims for attorneys' fees and expenses arising from the
Action or any claims released by the Plaintiffs and Class Members, whether known and
unknown, whether under federal, state and/or local law, statute, ordinance, regulation,
common law, or other source of law ("Class Counsel's Released Claims"). Class Counsel's
Released Claims include, but are not limited to, claims for attorneys' fees and expenses
arising from or dependent on the FLSA, the California Civil Code, the California Code of
Civil Procedure, the California Labor Code, the wage orders of the California Industrial
Welfare Commission, the California Business and Professions Code section 17200 et seq.,
and the California common law of contract and tort.

31.        **Waiver Of Appeal**: Any Settlement Class Member who does not timely make
or file an objection waives any and all rights to appeal from the final approval order and
judgment in this case, including all rights to any post-judgment proceeding and appellate
proceeding such as a motion to vacate judgment, motion for new trial, and extraordinary
writs. Both Parties also waive their right to appeal any final approval order or judgment that
is consistent with this Settlement Agreement.

32.        **Notice Procedure**.

    a.    <u>Form of Notice</u>: The Settlement Administrator shall send the Class Notice to
        each Class Member. The Class Notice shall contain clear instructions to Class
        Members regarding how they may Opt-Out of the Settlement Agreement. The
        Class Notice will also contain personalized information setting forth each Class
        Member's potential dollar value of their individual claims in the Action and
        estimated Individual Payment Amount.

- 11 -
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 11

b. <u>Mailing the Notice</u>: Within 21 days after entry of an order preliminarily approving this Settlement Agreement, Defendant shall send the "**Class Data**" (full names, last known mailing address, hours worked during the Class Period, and SSN, for each Class Member) to the Settlement Administrator.  Within 14 days thereafter, the Settlement Administrator shall send the Class Notice to each Class Member.

c. <u>Remailing and Skip Tracing</u>:  Settlement Administrator shall, as soon as practicable, re-mail any Class Notice returned with a forwarding address. Settlement Administrator shall promptly perform reasonable methods of skip tracing (*e.g.*, National Change of Address and/or Experian searches), to find new addresses for any Class Notice returned undeliverable without a forwarding address.

d. <u>Response Deadlines</u>:  A Class Member's Opt-Out must be postmarked within 45 calendar days of the mailing date of the Class Notice ("**Response Deadline**").  Any Opt-Out postmarked after the Response Deadline is null and void.  Failure to submit a timely Opt-Out in the manner prescribed by the Class Notice means that the Class Member will be a Settlement Class Member for all purposes.  The Response Deadline shall not be extended, for any individual or for any circumstance, absent mutual agreement by the Parties and Court approval.

e. <u>Defective Responses</u>:  If a Class Member's Opt-Out is incomplete, the Settlement Administrator will give the individual one chance to cure any defects *before* the Response Deadline.  An incomplete and uncured Opt-Out will be null and void, just like an untimely Opt-Out.

f. <u>Class Member Disputes</u>: To the extent a Class Member disputes any of the information listed on his or her Class Notice (for example, Individual Total Hours Worked), the Class Member may produce evidence to the Settlement Administrator showing such information the Class Member contends should be

- 12 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 12

reflected in the Class Notice. Defendant's records are presumed to be correct in the absence of contrary documentation submitted by the Class Member. However, and the Settlement Administrator's decision on such disputes matters will be final.

g.  Objections: In order to object to the Settlement Agreement (to become an "**Objector**") a Class Member must participate in the Settlement, which means that (1) a Class Member who is a California Class or Subclass member must *not* Opt-Out of the Settlement, or, in the case of a FLSA Regular Rate Class member who is not also a California Class or Subclass member, that Class Member must affirmative Opt-In to the Settlement. Then, and only then, may the participating Class Member (2) submit a written objection to the Settlement Administrator or directly to the Court, postmarked no later than the Response Deadline. The Settlement Administrator shall immediately provide all materials provided by timely Objectors to counsel for both Parties, and Class Counsel shall lodge any such timely submitted materials with the Court for the Court's consideration. Class Members who do not submit timely written objections may appear at the final approval hearing to voice their objections only with leave of Court.

h.  Declaration of Due Diligence: Within ten (10) days of the Response Deadline, the Settlement Administrator shall provide to the Parties a declaration of due diligence describing in detail the mailing and response tracking process described above.

i.  Funding the Settlement: Defendant shall wire the Total Settlement Amount (in the amount ultimately approved by the Court) to the Settlement Administrator no later than ten (10) calendar days after the Effective Date. Defendant will add any employer-side payroll taxes in the amount wired to the Settlement Administrator.

j.  Disbursement Schedule: The Settlement Administrator shall disburse the Total

- 13 -

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 13

Settlement Amount to the Settlement Class Members, Class Counsel, Plaintiff, and itself (for administration expenses) within ten (10) days of Defendant's transmission of the Total Settlement Amount.

k. <u>Deadlines:</u> Settlement Class Members must cash their settlement checks within 180 calendar days after the settlement checks are mailed by the Settlement Administrator.  The value of any checks uncashed more than 180 days after mailing shall be transmitted by the Settlement Administrator to the State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law for the benefit of the Participating Class Members who did not cash the settlement checks until such time that they claim their property.  The Parties agree that this disposition results in no "unpaid residue," as the entire Net Settlement Amount will be paid out to Participating Class Members, whether or not they timely cash their Individual Settlement Payments.

33.        **Preliminary Approval**.  Promptly after execution of this Settlement Agreement, Plaintiff shall move the Court for preliminary approval of the settlement and entry of an order: scheduling a hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate as to the Class Members; approving as to form and content the proposed Class Notice; preliminarily certifying the Class for purposes of settlement; and preliminarily approving all other terms of the Settlement Agreement.  This Settlement Agreement and any and all negotiations that led up to the Settlement shall remain strictly confidential until the filing of Plaintiff's preliminary approval motion.  The Parties shall cooperate to ensure that all government entities and agencies receive timely notice of the Settlement pursuant to the Class Actions Fairness Act (CAFA).

34.        **Final Approval**.  Class Counsel will draft and timely submit a motion for final approval of the Settlement together with a proposed final order consistent with this Settlement Agreement, which requests that the Court: approve the Settlement and hold that

- 14 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 14

the terms of the Settlement are fair, reasonable and adequate; approve the issuance of the payments to the Settlement Class Members, Class Counsel's application for an award of attorneys' fees and reimbursement of litigation costs and expenses, the service award/general release payment to the Plaintiff, and the costs of administering the settlement; order that all Released Claims by Settlement Class Members, against all Released Parties, are forever barred by the Settlement; and entering judgment in this Action in accordance with this Settlement Agreement.

35.    **Dismissal With Prejudice.** The Final Approval Order shall provide for a judgment and dismissal with prejudice of the Complaint.

36.    **Continuing Jurisdiction.** The Court will have continuing jurisdiction over the terms and conditions of the settlement until all payments and obligations contemplated by the settlement have been fully carried out.

37.    **Tax Issues and Qualified Settlement Fund**. This Settlement Agreement does not constitute tax advice to any recipient of monies. The Parties understand and agree that the Total Settlement Amount will qualify and be characterized as a Qualified Settlement Fund ("QSF") under the provisions of the U.S. Treasury Regulations 1.468B-1 and 1.468B-5, and the QSF will be taxed as a separate entity for purposes of all federal, state and local taxes, and further agree to treat the QSF on a basis consistent therewith, that the QSF will be characterized as the employer of all Settlement Class Members for purposes of determining all tax obligations associated with any and all payments under this Settlement Agreement, and the QSF will bear full responsibility for all taxes associated with the QSF and Individual Payment Amounts under this Settlement Agreement.

The Settlement Administrator shall be responsible for ensuring that all taxes associated with the Settlement Agreement are timely paid to the appropriate authorities. The Settlement Administrator's responsibilities include the following: (i) filing all federal, state and local employment tax returns, income tax returns, and other tax returns associated with the taxes, (ii) timely and proper filing of all required federal, state and local information returns (e.g., 1099s, W-2s, etc.) with the appropriate taxing authorities, and (iii) completion

- 15 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 15

of any other steps necessary for compliance with any tax obligations of the QSF under federal, state and/or local law.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph.  Such elections shall be made in compliance with the procedures and requirements contained in the QSF regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver all necessary documentation for signature as may be required, and thereafter to cause the appropriate filing of such documentation to occur.  To the extent that, for any period of time, the QSF is not treated as a "qualified settlement fund" within the meaning of the U.S. Treasury Regulations 1.468B-1 and 1.468B-5, the Settlement Administrator shall promptly notify Class Counsel and counsel for Defendant of that fact.

All taxes (including any interest or penalties) arising with respect to income earned by the QSF, including any taxes or tax detriments that may be imposed upon or incurred by Defendant with respect to any income earned by the QSF for any period during which the QSF does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid from the QSF.  All expenses and costs incurred in connection with the operation and implementation of this section (including without limitation, expenses of attorneys and/or accountants and mailing and distribution expenses related to filing (or failing to file) the tax returns described herein) shall be paid from the QSF.

38.        **Voiding the Agreement.**  A failure of the Court to approve any material condition of this Settlement Agreement which effects, as a matter of law, a fundamental change to the terms of the Settlement, or if the Settlement is reversed or materially modified on appellate review, shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of any Party.

39.        **Opt-Out Threshold.**  If 5% or more of the Class Members submit a timely and valid Opt-Out, Defendants may, in Defendants' sole discretion, void this Settlement Agreement.  If Defendants elect to void this Agreement based on this section, it must provide notice to Class Counsel in writing no later than ten (10) calendar days after the Settlement

- 16 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 16

1   Administrator gives its final report regarding the number of individuals who submitted a

2   timely and valid Opt-Out, and Defendant must pay all actual and necessary administration

3   expenses incurred by the Settlement Administrator through the date of Defendant's voiding

4   of the Settlement.

5   40.        **Declaration Regarding Class Lists:** Prior to Plaintiff's filing of a motion for

6   preliminary approval, Defendants agree to provide a sworn statement from a person most

7   knowledgeable certifying that the information Defendants provided regarding the class lists

8   and payroll data was true and correct.

9   41.        **Size of Settlement Classes:** The Parties agree that as of the date of signing the

10  Settlement Agreement, there are approximately the following number of class members: 995

11  FLSA Regular Rate Class Members; 391 California Regular Rate Class Members; 363

12  Itemized Wage Statement Subclass Members; and 160 Waiting Time Penalties Subclass

13  Members.

14  42.        **Pay Periods; Effect of Increase:** This settlement is based on the Plaintiff's

15  understanding (based on representations made by Defendants) that there were 61,283 pay

16  periods between December 26, 2017, and March 11, 2024 (date of mediation) (based upon

17  an estimated extrapolation of data through the date of mediation, subject to good faith

18  confirmation by Defendants). As of the date of mediation, the Parties agreed that if it is

19  determined that the number of pay periods between December 26, 2017, and March 11,

20  2024, exceeds 65,880 (a 7.5% increase of that figure), the Parties would meet and confer in

21  good faith regarding a potential increase in the Gross Settlement Amount. If the parties did

22  not agree, then Plaintiff, in her sole discretion, was permitted to nullify this settlement in its

23  entirety by giving notice to Defendants. Subsequent to the mediation date, Defendants

24  notified Class Counsel that the adjusted number of pay periods was 74,449. The Parties met

25  and conferred and agreed to adjust the Gross Settlement Amount to $1,800,000 for the period

26  from December 26, 2017 through the date of Preliminary Approval.

27  43.        **Publicity:** With respect to this Settlement and the settlement agreement,

28  Named Plaintiff, Defendants, and their respective counsel agree not to publicize, contact the

- 17 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 17

media, or disclose any information about the Settlement or the negotiation process, with the exception of informing the Court of the manner in which the settlement was obtained, and the reasons in support of the fairness of the settlement, and Plaintiff's counsel responding to inquiries from individual class members.

44.　　　**Parties' Authority.**  The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

45.　　　**Mutual Full Cooperation.**  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms set forth herein.

46.　　　**No Prior Assignments.**  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Settlement Agreement.

47.　　　**Construction.**  The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms' length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or her or its counsel participated in the drafting of this Settlement Agreement.

48.　　　**Captions and Interpretations.**  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

- 18 -

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 18

DocuSign Envelope ID: 7490FABE-9150-4B8F-A536-DBB08FDD5879

49.     **Modification.**  This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by each of the Parties hereto on their attorneys.

50.     **Integration Clause.** This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.  *[Signatures on following page]*

51.     **Binding On Assigns.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

52.     **Signatures of All Class Members Unnecessary to be Binding.**  It is agreed that, because the Class Members are numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement.  The Class Notice will advise all Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

53.     **Counterparts.**  This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one fully-signed Settlement Agreement, which shall be binding upon and effective as to all Parties.

54.     **Non-Disclosure/Non-Publication**.  Excluding all necessary filings in support of preliminary and final approval, Plaintiff, Class Counsel and Defendant each agree not to disclose or publicize the Settlement Agreement contemplated herein, the fact of the Settlement Agreement, its terms or contents, or the negotiations underlying the Settlement

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

1   Agreement, in any manner or form, directly or indirectly, to any person or entity, except to

2   Settlement Class members and as shall be contractually required to effectuate the terms of

3   the Settlement Agreement as set forth herein.  However, for the limited purpose of allowing

4   Class Counsel to prove adequacy as class counsel in other actions, Class Counsel may

5   disclose the names of the Parties in this Action, the venue/case number of this Action, and a

6   general description of the Action, to a court in a declaration by Class Counsel.  Class

7   Counsel may also include a general description of the Settlement on their website, but may

8   not include the name(s) of any of the Parties, or the case name or case number of the Action.

9   55.        **Related Cases**.  The Parties agree to jointly request that this Court

10  immediately enjoin any related case (under Local Rule 3-12(a)) that is commenced after the

11  execution of this Settlement Agreement, including, but not limited to, any case that raises

12  ///

13  ///

14  ///

15  ///

- 20 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 20

1  any Released Claims on behalf of any or all Class Members against any of the Released

2  Partiers.

3  **IT IS SO STIPULATED AND AGREED.**

4

5      Dated: June ___, 2024             _____

6                                             (print name)

7                                             (title)

8                                    For Defendant AUDIOLOGY DISTRIBUTION, LLC

9

10      Dated: June ___, 2024             _____

11                                             (print name)

12                                             (title)
                                     For Defendant HEARX WEST, INC.

13      Dated: June ___, 2024             _____

14

15                                             (print name)

16                                             (title)
                                     For Defendant HEARX WEST, LLC

17      Dated: June __5__, 2024       DocuSigned by:

18                                  BCC863DDB362426
                                   Plaintiff IA BROWN

19                                  DocuSigned by:

20      Dated: June __5__, 2024       Cullen, Paul
                                   8D00208344CE403

21                                  Paul T. Cullen
                                   The Cullen Law Firm, APC

22                                  Attorneys for Plaintiff
                                   IA BROWN

23

24      Dated: June ___, 2024             _____

25                                  Martha S. Doty
                                   Alston & Bird

26                                  Attorneys for AUDIOLOGY
                                   DISTRIBUTION, LLC; HEARX WEST,

27                                  INC.; and HEARX WEST LLC

28

- 21 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 21

1   any Released Claims on behalf of any or all Class Members against any of the Released

2   Partiers.

3   **IT IS SO STIPULATED AND AGREED.**

4

5   Dated: June ___, 2024          _____

6                                     _____
(print name)

7                                     _____
(title)

8                                     For Defendant AUDIOLOGY
DISTRIBUTION, LLC

9

10   Dated: June ___, 2024          _____

11                                      _____
(print name)

12                                     _____
(title)
For Defendant HEARX WEST, INC.

13   Dated: June ___, 2024          _____

14

15                                      _____
(print name)

16                                     _____
(title)
For Defendant HEARX WEST, LLC

17   Dated: June __5__, 2024          DocuSigned by:

18                                      BCC863DDB362426...
Plaintiff IA BROWN

19                                     DocuSigned by:

20   Dated: June __5__, 2024          *Cullen, Paul*
8D00208344CE403...

21                                      Paul T. Cullen
The Cullen Law Firm, APC

22                                     Attorneys for Plaintiff
IA BROWN

23

24   Dated: June ___, 2024

25                                     _____
Martha S. Doty
Alston & Bird

26                                     Attorneys for AUDIOLOGY
DISTRIBUTION, LLC; HEARX WEST,

27                                     INC.; and HEARX WEST LLC

28

- 21 -
**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
Case No. 2:22-cv-04271-DMG-MRW

# EXHIBIT A

DocuSign Envelope ID: 7490EABF-915D-4P8E-A53F-DBB08FDD5879

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT
## AND FINAL HEARING DATE

*(Brow v. Audiology Distribution, LLC, et al., United States District Court for the Central District of California, Case No. 2:22-cv-04271-DMG-MRW)*

## YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.
## PLEASE READ THIS NOTICE CAREFULLY.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **If you worked outside of California, Submit a Claim and Receive a Payment** | To receive a cash payment from the Settlement, **if you worked for Defendants outside of California, you must submit a claim to receive a payment**. |
| | **Your estimated Settlement Share is: $«Est.SettAmt».** See the explanation below. |
| | After final approval by the Court, the payment will be mailed to you at the same address as this Class Notice. If your address has changed, please notify the Settlement Administrator as explained below. In exchange for the settlement payment, you will release claims against the Defendants as |
| **If you worked in California, Do Nothing and Receive a Payment** | To receive a cash payment from the Settlement, if you worked for the Defendants in California, you do **not** have to do anything to receive a payment. |
| | **Your estimated Settlement Share is: $«Est.SettAmt».** See the explanation below. |
| | After final approval by the Court, the payment will be mailed to you at the same address as this Class Notice. If your address has changed, please notify the Settlement Administrator as explained below. In exchange for the settlement payment, you will release claims against the Defendant as detailed below. |
| **Exclude Yourself** | If you wish to exclude yourself from the Settlement, you must send a written request for exclusion to the Settlement Administrator as provided below. If you request exclusion, you will receive **no money from the Settlement.** |
| | Instructions are set forth below. |
| **Object** | You may write to the Court about why you do not like the settlement. |
| | Directions are provided below. |

## I.    WHY DID I GET THIS NOTICE?

A proposed class and collective action settlement (the "Settlement") of this lawsuit pending in the United States District Court for the Central District of California (the "Court") has been reached between Plaintiff Ia

1

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 1 of 8**

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 24
LEGAL02/44452162v1

Brown ("Plaintiff") and Defendants Audiology Distribution, LLC; HearX West, Inc.; HearX West LLC; Sivantos, Inc.; WS Audiology (California), PC; along with a number of its officers and/or directors (the "Defendants"). The Court has granted preliminary approval of this Settlement. **You may be entitled to receive some money from this Settlement.**

**You have received this Class Notice because you have been identified as a member of one of the following classes or subclasses listed in the lawsuit:**

      a. **The FLSA[1] Regular Rate Class**: All of Defendants' non-exempt hourly paid employees outside of California, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants who also received commissions and/or bonuses at any time between June 22, 2019 and the date on which Preliminary Approval is granted[2];

      b. **The California Regular Rate Class**: All of Defendants' nonexempt hourly paid employees in California, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants, who also received commissions and/or bonuses at any time between December 26, 2017 and the date on which Preliminary Approval is granted;

      c. **The California Itemized Wage Statement Subclass**: All California Regular Rate Class Members who were employed at any time during the period of commencing December 26, 2020 and the date on which Preliminary Approval is granted ; and,

      d. **The California Waiting Time Penalties Subclass**: All California Regular Rate Class Members who were employed at any time during the period between December 26, 2018 and the date on which Preliminary Approval is granted.

The "Class Period" is defined as the period of time running from the dates set forth in each of the classes and subclasses defined above ( e.g., June 22, 2019 in subsection a or December 26, 2017 in subsection b) through <<the date of preliminary approval>>.

This Class Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Notice carefully as your rights may be affected by the Settlement.

## II.  WHAT IS THIS CLASS ACTION LAWSUIT ABOUT?

On June 22, 2022, Plaintiff filed a Complaint against Defendants in the Federal District Court for the Central District of California, Case No. 2:22-cv-04271-DMG-MRW. This Complaint alleged claims for the follow:

1. Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207
2. Failure to Pay Minimum Wages for All Hours Worked
3. Failure to Pay Overtime Wages for All Hours Worked
4. Failure to Provide Meal/Rest Breaks
5. Failure to Provide Accurate Wage Statements
6. Failure to Timely Pay All Wages Due and Owing, and
7. Unfair Business Practices

---

[1] Fair Labor Standards Act, i.e., 29 U.S.C. § 201 *et seq*. ("FLSA.")
[2] The phrase "Business Entity Defendants" refers to Audiology Distribution, LLC; HearX West, Inc.; HearX West LLC; Sivantos, Inc.; and/or WS Audiology (California).

2

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 2 of 8**

**EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 25**
LEGAL02/44452162v1

On November 14, 2022, Defendants filed its Answer denying Plaintiff's allegations and asserting 22 affirmative defenses to the Complaint.

The Action generally involves claims that Defendants:

- Failed to properly pay hourly employees their regular rate of pay where owed
- Failed to provide proper itemized wage statements to hourly employees in California
- Failed to provide hourly employees in California with all earned wages at the end of their employment

On March 11, 2024, the Parties participated in a mediation with Hunter R. Hughes III, a nationally respected mediator of wage and hour class actions. At the mediation, the Parties agreed to settle the Action. The Court granted preliminary approval of the Settlement on [date]. At that time, the Court also preliminarily approved Plaintiff Ia Brown to serve as the Class Representative, and Paul T. Cullen of The Cullen Law Firm, APC to serve as Class Counsel.

Defendants deny that they did anything wrong and asserts that they have fully complied with all employment and labor laws. Defendants entered into the Settlement solely for the purpose of resolving the Action.

## III.    WHAT DOES THE SETTLEMENT PROVIDE?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at <<>> by contacting class counsel at paul@cullenlegal.com or (*844-Pay-Up44* (844-729-8744), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

Gross Settlement Amount. Defendants have agreed to pay an "all in" amount of One Million Eight Hundred Thousand Dollars ($1,800,000) (the "Gross Settlement Amount") to fund the settlement. The Gross Settlement Amount includes the payment of all Settlement Shares to Participating Class Members, Class Counsel's attorneys' fees and costs, the expenses of the Settlement Administrator, and the Class Representative Service Payment to the Plaintiff.

After the Judgment becomes Final, Defendants will pay the Gross Settlement Amount by depositing the money with the Settlement Administrator.

Amounts to be Paid from the Gross Settlement Amount. The Settlement provides for certain payments to be made from the Gross Settlement Amount, which will be subject to final Court approval, and which will be deducted from the Gross Settlement Amount before settlement payments are made to Class Members, as follows:

Settlement Administration Expenses. Payment to the Settlement Administrator, estimated not to exceed $25,000, for expenses, including expenses of sending this Class Notice, processing opt outs, and distributing settlement payments.

Attorneys' Fees and Costs. Payment to Class Counsel of an award of a Class Counsel Fees Payment of no more than $599,940.00 (1/3 of the Gross Settlement Amount), and a Class Counsel Costs and Expenses

3

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 3 of 8**

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 26
LEGAL02/44452162v1

Payment for all expenses incurred as documented in Class Counsel's billing records of no more than $10,000.00, both subject to Court approval. Class Counsel has been prosecuting the Action on behalf of Plaintiff and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

<u>Class Representative Service Payment</u>. Class Representative Service Payment of up to $20,000.00 to the Plaintiff, or such lesser amount as may be approved by the Court, to compensate her for services on behalf of the Class in initiating and prosecuting the Action, and for the risks she undertook.

<u>Calculation of Payments to Participating Class Members</u>. After all the above payments of the court-approved Class Counsel Fees Payment, Class Counsel Costs and Expenses Payment, the Class Representative Service Payment, and the Settlement Administration Expenses are deducted from the Gross Settlement Amount, the remaining portion, called the "Net Settlement Amount," shall be distributed to (A) The FLSA Regular Rate Class members who did not work in California and who submitted a claim, and to (B) the California Class and subclass members who do not request exclusion– these persons will collectively be referred to as "Participating Settlement Class Members". The Settlement Share for each Participating Settlement Class Member will be calculated as follows:

> *Each Participating Settlement Class Member will be paid at least $25. After the deductions from the Gross Settlement Fund for the costs of claims administration, the class representative service payment, attorney's fees and costs, and the $25 payable to each Participating Settlement Class Member, as a Participating Settlement Class Member, you will be paid on a pro-rata basis from the remainder of the Net Settlement Fund of $_____. Your pro-rata share of the Net Settlement Fund will be computed by comparing the potential dollar value of your individual claims in this lawsuit to the aggregate potential dollar value of all the claims of all Participating Settlement Class Members.*

> *In addition to the $25 payment, your potential claim value will be computed based upon* the actual dollar value that would have been owed if the claims asserted in the Action were successful, for those participating class members of the California Itemized Wage Statement Subclass, the number of payroll periods worked during the California Itemized Wage Statement Class Period that would have allowed you to assert claims for alleged itemized wage statement violations, and, for those participating class members who are part of the California Waiting Time Penalties Subclass, the number of days, up to 30, that have elapsed since the end of your employment. .

> *What does this mean for you? If you participate in the Settlement, you will receive approximately $_____ plus $25 or a total of approximately $_____ from the Net Settlement Fund. That amount could increase depending upon the number of people who participate in this proposed Settlement.*

**If the Settlement is approved by the Court, you will automatically be mailed a check for your Settlement Share to the same address as this Class Notice. Unless you worked outside of California, you do not have to do anything to receive a payment. However, if you did work for the Defendants outside of California, you must submit a claim to receive a payment.** If your address has changed, you must contact the Settlement Administrator to inform them of your correct address to ensure you receive your payment.

<u>Tax Matters</u>. Neither Class Counsel nor Defendant's counsel intend anything contained in this Settlement to

4

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 4 of 8**

**EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 27**
LEGAL02/44452162v1

constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement and entering judgment.

## IV. WHAT AM I GIVING UP IN EXCHANGE FOR THE SETTLEMENT PAYMENT?

Released Class Claims. In exchange for the settlement payment being provided, each member (A) of the FLSA Regular Rate Class who did not work in California and who submitted a claim (which is to say "opted into the Settlement"), and each member (B) of the California Regular Rate Class and/or Subclasses, who does not submit a request for exclusion as discussed in Section VII below, will release and discharge Defendants and the Released Parties for all claims arising or accruing during the Class Periods that were pleaded in the Complaint or that could have been pleaded in the Action, based on the factual allegations contained in the Complaint.

The Released Claims include all claims that were actually alleged or that could have been alleged based on the facts, claims, and allegations alleged in the Complaint ("Complaint") for unpaid wages, overtime or other compensation or payments, fees/costs, liquidated damages, penalties, and all other relief under the Fair Labor Standards Act, the California Labor Code, and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of Preliminary Approval of the Settlement Agreement, including but not limited to all of the following claims for relief: failure to pay the regular rate where owed in violation of the FLSA and the California Labor Code; failure to pay minimum wages for all hours worked; failure to pay overtime wages for all hours worked; failure to provide meal/rest breaks and/or failure to pay meal and rest period premiums owed; failure to provide accurate wage statements; failure to timely pay all wages due and owing; and unfair business practices.

Accordingly, the Released Claims include all claims that Defendants: (1) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207(a), by failing to pay overtime to Plaintiff and the Class Members; (2) violated California Labor Code Sections 558, 1179.1, 1194, 1194.2(a) and 1197 by failing pay to minimum wages to Plaintiff and the Class Members (including the alleged failure to pay for all hours worked and pay the proper minimum wage for all hours worked); (3) violated California Labor Code Sections 510, 558 and 1198 by failing to pay overtime to Plaintiff and the Class Members (including the alleged failure to pay for all overtime hours worked and to pay a proper overtime rate for overtime hours worked); (4) violated California Labor Code Sections 226.7 and 512 and corresponding provisions of the Industrial Welfare Commission Wage Order by failing to provide meal and rest periods to Plaintiff and the Class Members and/or failing to pay meal and rest period premiums owed to Plaintiff and the Class Members; (5) violated California Labor Code Sections 226 and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members; (6) violated California Labor Code Sections 201, 202 and 203 by failing to pay all wages due upon separation of employment to Plaintiff and the Class Members; and (7) engaged in unfair competition in violation of California Business & Professions Code Sections 17200, et seq., through each of the foregoing alleged violations of California law.

In addition, and without limiting the foregoing, the Released Claims include all claims that could have been pleaded based on the factual allegations contained in the Complaint, such as: Defendants did not pay the Class for all "hours worked" under California law and the FLSA; Defendants did not pay the Class for all overtime hours worked and/or failed to compensate all overtime hours worked at a proper overtime rate of pay; Defendants did not properly include bonuses and other incentive compensation in the "regular rate" for wage payment purposes; Defendants interrupted employees' meal and rest breaks, provided short or late meal or rest breaks and/or did not provide the opportunity to take meal or rest breaks and/or failed to pay meal and rest period premiums owed; Defendants did not specify an accurate number of hours worked or an accurate regular

5

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 5 of 8**

**EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 28**
LEGAL02/44452762v1

rate on wage statements and/or did not provide other required wage statement information; and Defendants did not pay all final wages due to employees upon separation of employment, given additional wages due and owing in light of the Complaint's off-the-clock, overtime, regular rate and/or meal/rest break claims.

By participating in the Action and accepting the settlement payment, you will not be able to make a separate claim or file a separate lawsuit for any of the claims above.

A copy of the full release language that you are agreeing to under the Settlement can be found in paragraph 12 of the Agreement which can be found online at <<>>.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement and entering judgment.

## V.    HOW MUCH WILL MY PAYMENT BE?

**Based on the information explained above in Section III, your estimated Settlement Share is approximately $«Est.SettAmt».  This amount could increase subject to the number of Participating Settlement Class Members.**

If you wish to challenge the information set forth above, then you must submit a written, signed dispute challenging the information along with supporting documents, to the Settlement Administrator at the address provided in this Class Notice no later than <date 45 days after mailing of class notice>.

## VI.    HOW CAN I GET A PAYMENT?

**If you worked for the Defendants in California, to get money from the settlement, you do not have to do anything. On the other hand, if did not work for Defendants in California, you must submit a claim to receive a payment.** As a Participating Settlement class or subclass member, a check for your settlement payment will be mailed automatically to the same address as this Class Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is: <<>>, (###) ###-####.

The Court will hold a hearing on <date> to decide whether to approve the Settlement. If the Court approves the Settlement and there are no objections or appeals, payments will be mailed within a few months after this hearing. If there are objections or appeals, resolving them can take time, perhaps more than a year. Please be patient.

## VII.    WHAT IF I DON'T WANT TO BE A PART OF THE SETTLEMENT?

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive NO money from the Settlement, and you will not be bound by its terms.**

If you worked for Defendants in California, to opt out, you must submit to the Settlement Administrator, by First Class Mail, a written, signed and dated request for exclusion postmarked no later than <45 days after mailing of class notice>. The address for the Settlement Administrator is *Brown v. Audiology Distribution, LLC, et al.*, c/o <<administrator>>, <mailing address>. The request for exclusion must state in substance: "I have read the Class Notice and I wish to opt out of the class action and settlement of the case *Brown v. Audiology Distribution, LLC, et al.*, 2:22-cv-04271-DMG-MRW." The request for exclusion must contain your name, address, signature and the last four digits of your Social Security Number for verification purposes. The request for exclusion must be signed by you. No other person may opt out for a member of the Class. If you

6

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 6 of 8

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 29
LEGAL02/44452162v1

did not work for Defendants in California and you are a member of the FLSA Regular Rate Class, you do not have to do anything to not take part in the Settlement. That is to say, if you do not affirmatively opt into the Settlement, you will not receive a payment, and you will not be bound by the terms of the settlement.

## VIII.   HOW DO I TELL THE COURT THAT I OBJECT TO THE SETTLEMENT?

Any Class Member, who has not opted out and believes that the Settlement should not be finally approved by the Court for any reason, may object to the proposed Settlement. Objections must be in writing and state the Class Member's name, current address, telephone number, and describe why you believe the Settlement is unfair and whether you intend to appear at the final approval hearing. All objections or other correspondence must also state the name and number of the case, which is *Brown v. Audiology Distribution, LLC, et al.*, District Court for the Central District of California, Case No. 2:22-cv-04271-DMG-MRW

To object to the Settlement, if you are a California Regular Rate Class or subclass member, you must opt out. To object to the Settlement if you are a member of the FLSA Regular Rate Class, you must affirmatively opt into the settlement by timely submitting a claim and then timely file your objection; otherwise, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Participating Settlement Class Member who does not object in the manner provided in this Class Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Brown v. Audiology Distribution, LLC, et al.,* Case Number 2:22-cv-04271-DMG-MRW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be filed or postmarked on or before <45 days following mailing of the Class Notice>.

The addresses for the Parties' Counsel are as follows:

**Class Counsel:**
PAUL. T. CULLEN, ESQ.
THE CULLEN LAW FIRM, APC
9800 Topanga Canyon Boulevard
Suite D, PMB 325
Chatsworth, CA 91311-4057
Telephone: (818) 360-2529
Facsimile  (866) 794-5741
E-mail: paul@cullenlegal.com

**Counsel for Defendant:**

YURI MIKULKA  (State Bar No. 185926)
MARTHA S. DOTY (State Bar No. 143287)
LISA L. GARCIA (State Bar No. 301362)
ALSTON & BIRD LLP
350 S. Grand Ave., 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile:  (213) 576-1100
E-mail: yuri.mikulka@alston.com
        martha.doty@alston.com
        lisa.garcia@alston.com

## IX.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at <time> a.m. on <date>, in Courtroom <<>> before Judge Dolly M. Gee at the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C,

7

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 7 of 8

EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 30
LEGAL02/44452162v1

8th Floor. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The purpose of this hearing is for the Court to determine whether to grant final approval to the Settlement. If there are objections, the Court will consider them. The Court will listen to people who have made a timely written request to speak at the hearing. This hearing may be rescheduled by the Court without further notice to you. You may check the settlement website identified in Section III above or the Court's PACER site to confirm that the date has not been changed. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

## X.    HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

You may call the Settlement Administrator at <phone> or write to *Brown v. Audiology Distribution, LLC, et al.* Settlement Administrator, *c/o* <<>><address>; or contact Class Counsel at <phone>.

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may receive a copy of the Settlement Agreement, the Final Judgment or other Settlement documents by writing to Class Counsel, or by going online to <<>>.

**PLEASE <u>DO NOT</u> CALL THE COURT ABOUT THIS NOTICE.**

<u>IMPORTANT:</u>

- You must inform the Settlement Administrator of any change of address to ensure receipt of your settlement payment.

- Settlement checks will be null and void 365 days after issuance if not deposited or cashed. In such event, the Settlement Administrator shall pay all funds from such uncashed checks to the State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law for the benefit of the Participating Class Members who did not cash the settlement checks until such time that they claim their property.  If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

**8**

**EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, Page 8 of 8**

**EXHIBIT 1 TO DECLARATION OF PAUL T. CULLEN in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Page 31**
LEGAL02/44452162v1