PAUL. T. CULLEN, ESQ.
THE CULLEN LAW FIRM, APC
9800 Topanga Canyon Boulevard
Suite D, PMB 325
Chatsworth, CA  91311-4057
Telephone: (818) 360-2529
Facsimile   (866) 794-5741
Email: paul@cullenlegal.com

Attorneys for Plaintiff IA BROWN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IA BROWN. an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company; CRAIG CAMERON, an individual; HEARX WEST, INC., A California corporation; STEVE MAHON, an individual; TINO SCHWEIGHOEFER, an individual; HEARX WEST LLC, a Delaware limited liability company; WS AUDIOLOGY (CALIFORNIA), PC, A California professional corporation; SIVANTOS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-04271-DMG-MRW<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>DATE:  December 6, 2024<br>TIME:  10:00 AM<br>LOCATION:  Courtroom 8C, 8th Floor<br><br>Case Filed:        June 22, 2022<br>Trial Date:        January 7, 2025 |

# NOTICE

## TO DEFENDANTS, AND THEIR COUNSEL OF RECORD,

**PLEASE TAKE NOTICE**: on December 6, 2024 at 10:00 AM, in Courtroom 8C, 8th Floor of the United States Courthouse for the United States District Court for the Central District of California, located at 350 W. 1st St., Los Angeles, CA 90012, Plaintiff and proposed Class Representative, Ia Brown, on behalf of herself and all others similarly situated, will and hereby does move the Court to: finally approve the Settlement Agreement between the Plaintiff and Defendants settling the class, collective, and representative claims under California law and the federal Fair Labor Standards Act in this matter, and to grant a service award to the named plaintiff, Ia Brown. This Motion is noticed to be heard with Plaintiff's previously filed motion for attorneys' fees and costs and settlement administration costs (ECF No. 44). The Court preliminary approved the Settlement Agreement on July 19, 2024 (ECF No. 43). Since then, Notice was provided to the Settlement Class and Collective Members and Opt-in Eligible Plaintiffs. In the California Class, which is an opt out class, only three (3) of the California class members opted out, representing a 99.26% participation rate within California, and no one has objected. (*See* Decl. of Jennifer Forst, filed concurrently herewith, ECF 46-2 at 5:15-18.)

This motion is based on this notice of motion, the memorandum of points and authorities below, the declarations of Paul T. Cullen, Plaintiff Ia Brown, and Jennifer Forst of CPT Group, Inc filed concurrently herewith, the exhibits attached thereto, the pleadings and other papers filed in this action, and on any further oral or documentary evidence or argument that may be presented at the time of hearing.

Dated: October 31, 2024

THE CULLEN LAW FIRM, APC

By: _____
Paul T. Cullen, Class Counsel

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION .................................................................................. 1

II. THIS SETTLEMENT MEETS THE STANDARDS FINAL APPROVAL ............................................................................................. 2

    A. The Amount of the Settlement in Light of the Potential Recovery .................................................................................... 2

    B. The Extent of Discovery Conducted ................................................. 3

    C. The Complexity and Potential Costs of Trial ................................... 3

    D. The Number and Content of Objections ........................................... 4

    E. Experienced Counsel Recommends the Settlement ......................... 4

    F. The Capacity for the Defendant to Withstand a Larger Judgment ............................................................................................. 4

III. CLASS COUNSEL RECOMMENDS LATE CLAIMS BE ALLOWED ............................................................................................. 4

IV. IA BROWN'S INCENTIVE AWARD IS APPROPRIATE ....................... 5

V. CONCLUSION ....................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Chun-Hoon v. McKee Foods Corp.*,
 (N.D. Cal. 2010) 716 F.Supp.2d 848 ........................................................................3

**Statutes**

29 U.S.C. § 201 .............................................................................................................1

**Other Authorities**

4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.) .....................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case focuses on claims of regular rate violations and related penalties for Plaintiff Ia Brown and her former, similarly situated co-workers throughout the United States. Named Plaintiff Ia Brown's motion seeks final approval of a nationwide wage and hour class and collective action of overtime and related claims premised on violations of the federal Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201 et seq.), the California Labor Code, and the California Unfair Competition Law, on behalf of a class of approximately 1,386 persons, including 995 who worked outside of the State of California and 391 who worked in the State of California. The proposed settlement is for $1.8 million, plus the employer's matching obligations for standard payroll deductions for the portion of the settlement payments allocated to wages. The Settlement Agreement provides for payment of a $20,000 service award to the named plaintiff, costs of administration in the amount of no more than $25,000, and attorneys fees on a percentage basis of one third of the settlement agreement, i.e. $600,000, plus reimbursement of costs incurred in the amount of $6,319.95.

The Court granted preliminary approval of the proposed settlement on July 19, 2024. Since then, the Settlement Administrator has distributed notice to the California Class Members and non-California Collective Members who had already opted in to the FLSA claim prior to the settlement. No one has submitted an objection to the settlement.

The positive reaction from the California Class and lack of any objection to the settlement reflects the satisfaction of the Settlement Class (*i.e.* all California Class Members and non-California Collective Members who have opted in to the FLSA claim) with the significant monetary relief provided by the Settlement as well as the employment practices changes that came about after the filing of the case. "Prior to the deduction of employee-side state and federal taxes, the average Individual

Settlement Payment is estimated to be $2,129.18. The highest payment is estimated to be $18,313.79 and the lowest estimated payment is $28.91. The estimated average, highest and lowest payment for Participating FLSA Collective Class Members is $517.43, $4,573.71, and $28.91, respectively. The estimated average, highest and lowest payment for Participating California Class Members is $2,666.49, $18,313.79, and $28.91, respectively." (*See* Decl. Jennifer Forst, ECF 46-2, at 6:2-7, ¶ 16.)

When the benefits of a significant, timely, certain settlement payment are weighed against the risks of continued, protracted litigation, including potential defeat at class certification or on the merits, the fairness, adequacy, and reasonableness of the proposed settlement are apparent. For these reasons, and as outlined in Plaintiff's preliminary approval and attorneys' fees motions, Plaintiff respectfully requests the Court to grant final approval of the Settlement and award the requested attorneys' fees and costs to Class Counsel, settlement administration costs to CPT Group, Inc., and the $20,000 service award to Named Plaintiff Ia Brown.

## II. THIS SETTLEMENT MEETS THE STANDARDS FINAL APPROVAL

4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.) identifies the factors a district court should assess in determining whether to grant final approval. They include (1) the amount of the settlement in light of the potential recovery discounted by the likelihood of Plaintiff's prevailing at trial; (2) the extent to which the parties have engaged in sufficient coverage to evaluate the merits of the case; (3) complexity and potential costs of trial; (4) the number and content of objections; (5) recommendations of experienced counsel that settlement is appropriate; and, in some instances, (6) the capacity for the defendant to withstand a larger judgment. Plaintiff addresses each of these factors below.

### A. The Amount of the Settlement in Light of the Potential Recovery

As set forth in both the motion for preliminary approval and the motion for approval of Class Counsel's fees, this settlement represents more than 100% of the

projected liability, exclusive of attorney's fees and costs. The settlement represents an outstanding result.

### B. The Extent of Discovery Conducted

Due to the nature of the case and cooperative, professional relationship between opposing counsel, who sought to promptly resolve this regular rate claim, formal discovery was relatively minimal. There were a couple of sets of targeted special interrogatories. However, though few in number, interrogatories undoubtedly required a tremendous amount of effort on part of Defendants to properly answer. Moreover, Plaintiff also propounded two sets of requests for production to the Defendants, and Defendants' responses were sufficient to enable Class Counsel to adequately evaluate the propriety of settlement. Because this was a regular rate case, the analysis is basically mathematical, and the Defendants shared substantial amounts of verified payroll information that facilitated an accurate computation of damages exposure. This informal informational exchange of detailed payroll data was the most important aspect of Class Counsel's investigation.

### C. The Complexity and Potential Costs of Trial

Plaintiff assumed that a trial in this case would have lasted two to three weeks, and would have been predominately a battle of experts explaining their methodology for computing damages on what are bright line violations of law. While the trial may not have been particularly complex, it would have been costly, as qualified experts in this area are not cheap. The trial would have been moderately complicated, as are all trials, but it is not clear that the results at trial, even assuming success, would have been materially better than this settlement. It is entirely conceivable they would have been less favorable. What is more, a favorable verdict could have been appealed, and statutory fees would have been run up, complicating matters for future settlement negotiations. Thus, it was in Plaintiff's interests to resolve this case early, with certainty, and to obtain a relatively quick recovery for the class members, even if it meant the standard discounts for fees and costs would come out of the gross amount.

### D. The Number and Content of Objections

Here, there have been no objections and no disputes. There have only been three opt outs to the California class. *Chun-Hoon v. McKee Foods Corp.* (N.D. Cal. 2010) 716 F.Supp.2d 848, 852 (concluding, in a case where "[a] total of zero objections and sixteen opt-outs (comprising 4.86% of the class) were made from the class of roughly three hundred and twenty-nine (329) members," that the reaction of the class "strongly supports settlement"). As for FLSA opt-ins, 138 valid claims were made, which includes 3 late claims, and that represents a 13.41% participation rate. (ECF 46-2 at 4:5-11.)

### E. Experienced Counsel Recommends the Settlement

Class Counsel, who has been litigating wage and hour class actions for 26 years, strongly supports the settlement and has confirmed its propriety. It is a rare settlement that provides payment equivalent to more than 100% of the value of the claims before deductions for fees and costs. The settlement was obtained in mediation with a nationally recognized mediator, Hunter Hughes.

### F. The Capacity for the Defendant to Withstand a Larger Judgment

This is not a factor in the settlement. First, a larger judgment would only comprise additional monies for statutory attorney's fees, which likely would have been deemed unreasonable had Defendants made an offer of judgment that Plaintiff refused. Plaintiff had initially been concerned that the multiple, interrelated organizations that had employed Plaintiff were shells organizations with little money, those notions were dispelled relatively early in the litigation, and Plaintiff voluntarily, but conditionally dismissed a number of individual defendants without prejudice to allow the solvent entity defendants to defend the case, which they did.

## III. CLASS COUNSEL RECOMMENDS LATE CLAIMS BE ALLOWED

There were only three (3) late claims, and the impact of allowing their inclusion is negligible on the participating class and collective class members. Class Counsel recommends that these claims, as it is common for people who have moved to only

receive notice of these settlements by word-of-mouth, which is not necessarily timely or predictable. So long as the late claimant is a collective class member and not just a random opportunist, it would be in the spirit of the settlement to have the claims honored. Moreover, Defense counsel has indicated no objection to honoring these late claims. As noted above, the California class has a 99.51% participation rate, and the FLSA opt in collective class has 13.12% participation rate, i.e, 135 timely opt ins in a collective class of 995 persons.  (*See* ECF 85 at 4:5-8 and ECF 37-1 at 1:18-20.)

### IV.    IA BROWN'S INCENTIVE AWARD IS APPROPRIATE

This issue was briefed both in the motion for preliminary approval. (*See* ECF 37-2 and 37 at 20:12-21:13.) Accordingly, it will not be repeated here. The proposed settlement provides $20,000 to be paid to Ia Brown. In addition to the collective and class claims advanced in the case, Ms. Brown had individual claims that she advanced, e.g., meal period violation claims, which were individually advanced by Plaintiff, but not on behalf of the class. In addition to compensating her for her work as a class Representative, which he detailed in her declaration in support of preliminary approval (ECF 37-2), the $20,000 award compensates her for those claims. The proposed Final Approval Order contains a paragraph addressing this issue, citing cases that support the conclusion that the award is appropriate.

### V.     CONCLUSION

Considering the foregoing, Plaintiff requests that the Court enter the proposed **[PROPOSED] ORDER AND JUDGMENT ON MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** lodged/filed concurrently herewith.

Dated:  November 1, 2024         **PAUL T. CULLEN**
                                 **THE CULLEN LAW FIRM, APC**

                                 By:  /s/          *Paul T. Cullen*
                                      **Paul T. Cullen, Class Counsel**

# CERTIFICATE OF SERVICE

I, Paul T. Cullen, certify and declare as follow:

1. I am over the age of 18 and not a party to this action.

2. My business address is 9800 Topanga Canyon Boulevard; Suite D, PMB 325; Chatsworth, CA 91311-4057.

3. On November 1, 2024, I caused a copy of **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** to be served upon the following counsel via the Court's CM/ECF system:

>YURI MIKULKA (State Bar No. 185926)
>MARTHA S. DOTY (State Bar No. 143287)
>LISA L. GARCIA (State Bar No. 301362)
>>Alston & Bird LLP
>>333 South Hope Street, 16th Floor
>>Los Angeles, CA 90071-1410
>>Telephone: (213) 576-1000
>>Facsimile: (213) 576-1100
>>E-mail: yuri.mikulka@alston.com
>>>martha.doty@alston.com
>>>lisa.garcia@alston.com
>
>Attorneys for DEFENDANTS AUDIOLOGY DISTRIBUTION, LLC; HEARX WEST, INC.; and HEARX WEST LLC

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on November 1, 2024, at Los Angeles, California.

>/s/   Paul T. Cullen
>Attorneys for Plaintiff IA BROWN