JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IA BROWN. an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>AUDIOLOGY DISTRIBUTION, LLC, a Delaware limited liability company; CRAIG CAMERON, an individual; HEARX WEST, INC., A California corporation; STEVE MAHON, an individual; TINO SCHWEIGHOEFER, an individual; HEARX WEST LLC, a Delaware limited liability company; WS AUDIOLOGY (CALIFORNIA), PC, A California professional corporation; SIVANTOS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. CV 22-4271-DMG (MRWx)<br><br>**ORDER ON MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; JUDGMENT [46]** |

## I. INTRODUCTION

This matter having come before the Court for a final fairness hearing on December 6, 2024, pursuant to this Court's Order Preliminarily Approving Proposed Settlement Between Plaintiffs and Defendants dated July 19, 2024, [Doc. # 43 ("Preliminary Approval Order")], to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of the hearing having been published and given; and all persons who made timely objections to or decisions to opt out of the proposed settlement set forth in the Settlement Agreement, and described in the Class Notice, having been given an opportunity to present such objections to the Court; and the Court having considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at the hearing; and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## II. DEFINITIONS

Each term and phrase used in this Final Order Approving Class Action Settlement shall have the same definition and meaning as in the Settlement:

1. The "**Action**" means the above-captioned Case No. CV 22-4271-DMG (MRWx), filed by Plaintiff against Defendants and pending in the Central District of California.

2. The "**Plaintiff**" means Plaintiff Ia Brown.

3. The "**Business Entity Defendants**" means Audiology Distribution, LLC; HearX West LLC; HearX West, Inc.; Sivantos, Inc.; and/or WS Audiology (California).

4. The "**Parties**" means Plaintiff, the Class (as defined below), and Defendants.

5. "**Class Counsel**" is Paul T. Cullen of the Cullen Law Firm, APC, who is counsel of record for Plaintiff.

6. "**Class Period**" and the "**Release Period**" each refer to the period beginning on December 26, 2017 and ending on July 19, 2024.

7. "**Class**" and "**Class Members**" shall refer to all persons, including Plaintiff, who are members of the classes defined in the Action, i.e., the

    a. **FLSA[1] Regular Rate Class**: All non-exempt hourly paid employees, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants who also received commissions and/or bonuses at any time between June 22, 2019 and July 19, 2024;

    b. **California Regular Rate Class**: All nonexempt hourly paid employees, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants, who also received commissions and/or bonuses at any time between December 26, 2017 and July 19, 2024;

    c. **California Itemized Wage Statement Subclass**: All California Regular Rate Class Members who were employed at any time during the period of commencing December 26, 2020 and July 19, 2024; and

    d. **California Waiting Time Penalties Subclass**: All California Regular Rate Class Members who were employed at any time during the period between December 26, 2018 and July 19, 2024.

8. "**Class Notice**" means Exhibit A to the June 12, 2024 Declaration of Paul T. Cullen, in the form ultimately approved by the Court on July 19, 2024.

9. The "**Complaint**" is Plaintiff's Complaint, which was filed on June 22, 2022.

---

[1] Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

10. "**Settlement Class**" or "**Settlement Class Members**" are all Class Members who do not timely opt-out of or opt-in to the Class in the manner prescribed by the Class Notice.

11. The "**Effective Date**" of this Settlement Agreement shall be on the *latest* of the following dates: (a) the date of the Court's final approval of the Settlement Agreement and entry of judgment thereon, if no objections by or on behalf of Class Members have been made or filed; (b) the date on which the time for appeal has expired, if an objection has been made or filed and no appeal has been filed; or (c) the final resolution of any appeal that has been made or filed, if an objection has been made or filed and an appeal is filed. The Parties acknowledge that any Class Member who fails to make or file a timely and valid objection lacks standing to appeal from any final approval order and judgment entered pursuant to the Settlement Agreement.

12. The "**Released Claims**" include all claims that were actually alleged or that could have been alleged based on the facts, claims, and allegations alleged in the Complaint ("Complaint") for unpaid wages, overtime or other compensation or payments, fees/costs, liquidated damages, penalties, and all other relief under the Fair Labor Standards Act, the California Labor Code, and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of Preliminary Approval, including but not limited to all of the following claims for relief: failure to pay overtime wages in violation of the FLSA and the California Labor Code; failure to pay minimum wages for all hours worked; failure to pay overtime wages for all hours worked; failure to provide meal/rest breaks; failure to provide accurate wage statements; failure to timely pay all wages due and owing; and unfair business practices.

Accordingly, the Released Claims include all claims that Defendants: (1) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207(a), by

failing to pay overtime to Plaintiff and the Class Members; (2) violated California Labor Code Sections 558, 1179.1, 1194, 1194.2(a) and 1197 by failing pay to minimum wages to Plaintiff and the Class Members (including the alleged failure to pay for all hours worked and pay the proper minimum wage for all hours worked); (3) violated California Labor Code Sections 510, 558 and 1198 by failing to pay overtime to Plaintiff and the Class Members (including the alleged failure to pay for all overtime hours worked and to pay a proper overtime rate for overtime hours worked); (4) violated California Labor Code Sections 226.7 and 512 and corresponding provisions of the Industrial Welfare Commission Wage Order by failing to provide meal and rest periods to Plaintiff and the Class Members and/or failing to pay meal and rest period premiums owed to Plaintiff and the Class Members; (5) violated California Labor Code Sections 226 and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members; (6) violated California Labor Code Sections 201, 202 and 203 by failing to pay all wages due upon separation of employment to Plaintiff and the Class Members; and (7) engaged in unfair competition in violation of California Business & Professions Code Sections 17200 *et seq.*, through each of the foregoing alleged violations of California law.

In addition, and without limiting the foregoing, the Released Claims include all claims that could have been pleaded based on the factual allegations contained in the Complaint, such as:  Defendants did not pay the Class for all "hours worked" under California law and the FLSA; Defendants did not pay the Class for all overtime hours worked and/or failed to compensate all overtime hours worked at a proper overtime rate of pay; Defendants did not properly include bonuses and other incentive compensation in the "regular rate" for wage payment purposes; Defendants interrupted employees' meal and rest breaks, provided short or late meal or rest breaks and/or did not provide the opportunity to take meal or rest breaks and/or failed to pay meal and rest period premiums

owed; Defendants did not specify an accurate number of hours worked or an accurate regular rate on wage statements and/or did not provide other required wage statement information; and Defendants did not pay all final wages due to employees upon separation of employment, given additional wages due and owing in light of the Complaint's off-the-clock, overtime, regular rate and/or meal/rest break claims.

13. The "**Released Parties**" shall mean: (a) Defendants Audiology Distribution, LLC; HearX West, Inc.; HearX West LLC; Sivantos, Inc.; WS Audiology (California), PC; Craig Cameron; Steve Mahon; and Tino Schweighoefer; (b) each of the Defendants' respective past, present, and future parents, subsidiaries, and affiliates; (c) the past, present, and future shareholders, directors, officers, agents, employees, clients, attorneys, insurers, predecessors, successors, and assigns of any of the foregoing; and (d) any individual or entity which could be jointly liable with any of the foregoing.

### III.   OBJECTIONS, DISPUTES, OPT-OUTS, AND OPT INS

####    A.   Objections and Disputes

The Court finds that there have been no objections to the settlement in general, and no objections to the timely filed motion for approval of Class Counsel's fees and costs. [Doc. # 44.] There have also been no disputes regarding the claims process. [*See* Doc. # 46-2 at 5:17.]

####    B.   Opt-outs from the California Class

As for the California Class and subclasses, there have only been three (3) requests for exclusion from the settlement. They were by Gutierrez, Tzenni Bah; Segobia, Judy; and Anthis, Robert. [Doc. # 46-2 at 5:19.] Thus, out of the 406 potential participants, 403 California Class Members have participated, representing a 99.26% participation rate within the California Class. [Doc. # 46-2 at 5:19-21.]

### C. Opt-ins for the FLSA Collective Class

With respect to FLSA Collective Class members, the Claims Administrator received 138 valid Claim Forms, representing a 13.41% participation rate within the FLSA Collective Class. Those 138 valid Claim Forms included three that were submitted after the deadline, but which were Claim Forms that belong to Class Members. The late claims were submitted by Amissa Scott, Michelle Tomszay, and Desiree Cruz. [Doc. # 46-2 at 4:5-15.] No party objected to the inclusion of these late claims, and therefore, they will be permitted to participate in the settlement.

For purposes of the confirmation of this Court's jurisdiction over the settlement of their claims, the names of the Participating FLSA Collective Class Members, which includes the names of the late claimants, are as follows: Albergo, Richard; Aldeen, April; Argento, Madison; Arman, Daniel Adams; Asmus, Kerri; Audino, Alyssa; Bennett, Sandra; Berhalter, Penny; Binder, Wendy; Bonham, Brett; Bonistalli, Gregory;Bowie, Tammie Washington; Braver, Justin; Bravo, Ariel; Brockman, Jonathan; Brown, Lee; Brown,Tanya E; Burrell, Dustin; Caltagirone, Nicole; Cepero, Elizabeth; Chambery, Nancy; Chavoen ,Olivia Irene; Christensen, Anna B; Clark, Susan; Cramer, Valerie; Cruz, Desiree; Debenedictis, Valerie; Desuno, Anthony; Dirrell, Janina; Dittenhoefer, Joyce; Domine, Mckenzie; Dronen, Andrea; Drummond, Kimberly; Duque, Michelle; Eimann, Mark; Falero, Joel; Farnsworth, Alecia; Feroce, Anthony; Flynn, Melissa Knapp; Fullmer, Max M; Genetz, Kathleen; Gilbert, Sandy; Gillingham, Tabatha; Gomez, Elizabeth; Goss, Iris; Greene, Kevin S; Gregoire, Rochelle; Griewahn, Amanda; Griffin, Ja Meia; Grimaldi, Patricia; Harvey, Katherine; Hastad, Blake J; Hedding, Trevor; Hegyi, Kellyanne; Hendrix, Marianne; Hernandez, Cynthia; Herrada, Lilian; Heskin, Kathryn; Holland, M Rita; Howden, Laura; Hubert, Michael; Hufstetler, Kaitlynn; Iannuzzi, Michele; Johnson, Kathryn; Johnson, Lisa Suarez; Jones, Crystal; Joyce, Dennis; Keeler, Rebecca; Kell, Nora L; Kellam, Jamie L; Kilpatrick, Sandra; King, Nichole; Knowles, Lavinia A; Kosies, Julie; Koukouras, Steven; Kurzawa, Haley; Lawal, Sade; Lee, Kathleen; Leister, Tyler; Lippmann, Sarah;

Lopez, Alba; Lyons, Joelle; Manis, Beverley A; Martin, Latoya; Mckinney, Rosemary; Mcvickers, Linda; Messer, Ingrid; Michel, Deborah; Milano, Jennifer; Miranda, Michele; Montgomery, Taysia; Murtha, Jacqueline; Mutschler, Jenessa; Nagell, Julia; Nazarei, Zora; Nicolopoulos, Susan; Ortiz, Rafael; Parsons, Julie L; Paz, Leonor; Perrino, Steven; Phillips, Alyssa; Piggott, Christine; Pilizota, Solange; Quartermain, Richard; Riga, Terri; Rivera, Nichelle; Schiefer, Delores; Schindler, Wade; Scott, Amissa; Sibgatullina, Renata; Simpson, Melissa; Singh, Bethany; Sinibaldi, Robert; Sleboda, Tanya; Smith, Danielle; Smith, Donna; Soto, Antonella; Steiner, Wanda; Stoneking, Yvette; Stoops, Roger; Surrette, Aj; Sustaita, Jeniffer; Teves, Jaime; Thompson, Tammara; Timmerman, Kelly J; Tomszay, Michelle; Torres, Camile Burgos; Traub, Amanda; Villatoro, Nora; Warsame, Latoya; Weinberg, Suzanne; Wilkerson, Kimberly; Williams, Deyatra; Williams, Makayla W; Wood, Amanda; Woodard, Robert; Yanda, Angela; and Zimmerly, Barbara. [Doc. # 46-2 at 4:15-5:14.]

Each of these Claimants has submitted a declaration consenting to be joined in this lawsuit. [*See* Ex. D to Doc. # 46-2.]

## IV. CLASS AND SUBCLASS DEFINITIONS

On July 19, 2024, the Court preliminarily certified for the purposes of settlement only, the following classes and subclasses:

"(1) a nationwide collective class for claims arising under the FLSA, [which] excludes Defendants' affected workers in California, and

(2) a California class, which has two subclasses. These classes are defined as follows:

- FLSA Regular Rate Class: All non-exempt hourly paid employees, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants who also received commissions and/or bonuses at any time between June 22, 2019 and July 19, 2024;

- California Regular Rate Class: All non-exempt hourly paid employees, including but not limited to Hearing Aid Dispensers and Hearing Aid Specialists, employed by the Business Entity Defendants, who also received commissions and/or bonuses at any time between December 26, 2017 and July 19, 2024;
    - California Itemized Wage Statement Subclass: All California Regular Rate Class Members who were employed at any time during the period between December 26, 2020 and July 19, 2024;
    - California Waiting Time Penalties Subclass: All California Regular Rate Class Members who were employed at any time during the period between December 26, 2018 and July 19, 2024."

[Doc. # 43 at 2:23-3:9.]

The California Regular Rate Class, the California Itemized Wage Statement Subclass, and the California Waiting Time Penalties Subclass were certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23 as an "opt out" class. [Doc. # 43 at 3:9-14.]

The FLSA Regular Rate Class was preliminarily approved for settlement purposes only under the FLSA, 29 U.S.C. § 216. As required by statute, FLSA Class Members were required to "opt in." [Doc. # 43 at 3:9-14.]

V.  **THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE**

The settlement of this lawsuit was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith by the Parties and their counsel, with the assistance of an independent mediator, Hunter Hughes.

The Settlement Agreement and the settlement set forth therein are hereby approved and found to be fair, adequate, reasonable, in the best interest of the Class,

FLSA Collective Class, and subclasses, both in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

The Court finds that the financial terms of the settlement are favorable to the Class Members and FLSA Collective Class Members that are participating in the settlement. As set forth in the declaration of Jennifer Forst of CPT Group, Inc., the Claims Administrator, "The Settlement Agreement and the settlement set forth therein are hereby approved and found to be fair, adequate, reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements." [Doc. # 46-2 at 6:6-11.]

## VI. NOTICE

The Court finds that the declaration of the Claims Administrator's representative, Jennifer Forst, confirms that notice was provided to all Class and FLSA Collective Class members in accordance with this Court's preliminary approval order. The notice given to the Class Members and FLSA Collective Class members was given in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and the Court finds that this was the best notice practicable under the circumstances, constituting due and sufficient notice to all parties entitled thereto.

Due and adequate notice of the proceedings having been given to the Class and Collective Class a full opportunity having been offered to the Class and Collective Class to participate in the final fairness hearing, it is hereby determined that (A) all California Class and Subclass Members, with the exception of those who have opted out, are bound by this order and judgment, and (B) all FLSA Collective Class Members, who have opted-in to this Action by submitting claims, are likewise bound by this order and judgment.

## VII. TERMS OF PAYMENT FROM THE CLASS FUND

The total monetary settlement herein is $1.8 million, inclusive of attorneys' fees in the amount of $600,000, costs in the amount of $6,319.95, and all costs of class administration in the amount of $24,000, as well as a class representative service fee of

$20,000. That leaves $1,149,680.05 to be distributed among participating Class and FLSA Collective Class members. The Court having approved the foregoing deductions from the gross settlement fund (i.e., deductions for attorney's fees as requested, costs, administration, and the class representative service fee), hereby directs the Claims Administrator to distribute the net settlement fund to participating Class and FLSA Collective Class members in accordance with the terms of the settlement agreement. [Doc. # 41.]

### VIII. CLAIMS ADMINISTRATOR

The Court hereby reaffirms the appointment of CPT Group, Inc. as the Claims Administrator and hereby authorizes CPT Group, Inc., to be paid $24,000 for its administration of this Settlement. The Claims Administrator shall preserve all written communications from Class Members in response to the Class for at least 2 years or pursuant to further order of the Court. All communications received by the Claims Administrator from the Class and FLSA Collective Class members shall be available at all reasonable times for inspection and copying by Counsel for the Parties. At the conclusion of the distribution of funds pursuant to the Settlement, the Claims Administrator shall submit a report to the Court summarizing the payments made to the Class and Collective Class.

### IX. CONTINUING JURISDICTION OF THE COURT

The Court shall retain jurisdiction over this settlement and its provisions and over the claims administration and distribution of the funds.

### X. FINAL RESOLUTION

All California Class members, who have not opted out of the settlement, and all FLSA Collective Class members, who have opted in to the settlement, are hereby bound by the terms of the settlement and the releases set forth therein. Notwithstanding the payments made hereunder, neither this order and judgment, nor any of the terms or negotiations or papers related thereto, shall constitute evidence of an admission by any Defendant as to any of the acts of wrongdoing alleged to have been committed by them.

Moreover, this order and judgment approving the settlement shall not be offered or received into evidence for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration, or other tribunal, other than as expressly set forth in the Settlement Agreement.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this **FINAL ORDER AND JUDGMENT OF APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT.** Inasmuch as this disposes of all claims asserted in the Action, the Court further directs the Clerk to enter this Judgment of Dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), so that payment pursuant to the terms of the settlement may issue forthwith.

**IT IS SO ORDERED.**

DATED: December 11, 2024

_____
DOLLY M. GEE
Chief United States District Judge